The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, FAST & EASY MARKETING LLC, HEGEMON GROUP INTERNATIONAL LLC, SILVER SHIELD LIFE LLC, SHAWN AKERS, AND JOHN DOE 1-10,<br><br>Defendants. | NO. 3:25-cv-05671-SKV<br><br>**DEFENDANT HEGEMON GROUP INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

COMES NOW Defendant Hegemon Group International LLC ("Hegemon") and provides this Answer to Plaintiff's Complaint:

## I. INTRODUCTION

**1 – 14.**

In response to Paragraphs 1 through 14, the allegations in these paragraphs are not directed to Hegemon, and to the extent a response is required, the allegations in Paragraphs 1 through 14 are denied.



QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1001 Galaxy Way, Suite 312
Concord, CA 94520
(925) 466-4230

**15.**

In response to Paragraph 15, Hegemon denies.

**16 – 17.**

In response to Paragraphs 16 and 17, the allegations in these paragraphs are not directed to Hegemon, and to the extent a response is required, the allegations in Paragraphs 16 and 17 are denied.

**18.**

In response to Paragraph 18, Hegemon objects to being collectively identified with the other defendants as "The Telemarketers", denies being part of any alleged group identified as "The Telemarketers" and denies any coordinated telemarketing or other collective efforts with the other named parties.

**19.**

In response to Paragraph 19, Hegemon denies that it is an instigator of calls for the purpose of encouraging the purchase of final expense insurance ("FEI"). The remaining allegations in Paragraph 19 are not directed to Hegemon, and to the extent a response is required, they are denied.

**20 – 21.**

In response to Paragraphs 20 and 21, the allegations in these paragraphs are not directed to Hegemon, and to the extent a response is required, the allegations in Paragraphs 20 and 21 are denied.

**22.**

In response to Paragraph 22, Hegemon denies all allegations in Paragraph 22 as they pertain to Hegemon. Hegemon denies placing or causing to be placed any calls to the Plaintiff.

**23.**

In response to Paragraph 23, Hegemon denies all allegations in Paragraph 23 as they pertain to Hegemon. The remaining allegations in Paragraph 23 are not directed to Hegemon, and to the extent a response is required, they are denied.

**24.**

In response to Paragraph 24, Hegemon denies all allegations in Paragraph 24 as they pertain to Hegemon. The remaining allegations in Paragraph 24 are not directed to Hegemon, and to the extent a response is required, they are denied.

**25.**

In response to Paragraph 25, Hegemon denies all allegations in Paragraph 25 as they pertain to Hegemon. The remaining allegations in Paragraph 25 are not directed to Hegemon, and to the extent a response is required, they are denied.

**26 – 28.**

In response to Paragraphs 26 through 28, Hegemon denies all allegations in these paragraphs as they pertain to Hegemon. The remaining allegations in Paragraphs 26 through 28 are not directed to Hegemon, and to the extent a response is required, they are denied.

## II. BASIS FOR JURISDICTION

**29.**

In response to Paragraph 29, Hegemon lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff's residence and therefore denies them. Hegemon denies the remaining allegations in this paragraph as they pertain to Hegemon.

/ / /

**30.**

In response to Paragraph 30, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Hegemon denies all allegations as they pertain to Hegemon. Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same.

**31.**

In response to Paragraph 31, Hegemon denies all allegations in this paragraph as they pertain to Hegemon. Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same.

**32.**

In response to Paragraph 32, Hegemon denies all allegations in this paragraph as they pertain to Hegemon. Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same.

**33.**

In response to Paragraph 33, Hegemon denies all allegations in this paragraph as they pertain to Hegemon. Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same.

**34.**

In response to Paragraph 34, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in this paragraph and therefore denies them.

/ / /

/ / /

**35 – 40.**

In response to Paragraphs 35 through 40, these paragraphs contain legal arguments and conclusions to which no response is required. To the extent a response is required, Hegemon denies all allegations as they pertain to Hegemon. Hegemon lacks sufficient knowledge or information as to any allegations concerning other defendants and accordingly denies the same.

## III. THE PARTIES TO THE LITIGATION

**41.**

In response to Paragraph 41, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 and therefore denies the same.

**42 – 50.**

In response to Paragraphs 42 through 50, the allegations in these paragraphs are not directed to Hegemon. To the extent a response is required, Hegemon lacks sufficient knowledge or information as to the allegations in paragraphs 42 to 50 and accordingly denies the same.

**51 – 53.**

In response to Paragraphs 51, 52, and 53, Hegemon admits the allegations in these paragraphs.

**54 – 58.**

In response to Paragraphs 54 through 58, the allegations in these paragraphs are not directed to Hegemon. To the extent a response is required, Hegemon lacks sufficient knowledge or information as to the allegations in Paragraphs 54 to 58 and accordingly denies the same.

/ / /

/ / /



QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1001 Galaxy Way, Suite 312
Concord, CA 94520
(925) 466-4230

## IV. STATEMENT OF CLAIM

**59 – 65.**

In response to Paragraphs 59 through 65, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in these paragraphs and therefore denies them.

**66 – 127.**

In response to Paragraphs 66 through 127, these paragraphs describe alleged general practices, monikers, and calling scripts of entities referred to as "The Telemarketers." Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same. To the extent any allegations in these paragraphs are intended to apply to Hegemon, they are denied.

**128 – 224.**

In response to Paragraphs 128 through 224, these paragraphs describe alleged telephone calls and interactions concerning defendants. Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same. To the extent any allegations in these paragraphs are intended to apply to Hegemon, they are denied.

**225.**

In response to Paragraph 225, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 225 and therefore denies the same.

**226.**

In response to Paragraph 226, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 226 and therefore denies the same.

**227.**

In response to Paragraph 227, Hegemon lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 227 and therefore denies the same.

**228.**

In response to Paragraph 228, Hegemon lacks sufficient knowledge or information to admit or deny the allegations concerning American Amicable's investigation and therefore denies the same. Hegemon denies the remainder of the allegations in Paragraph 228.

**229 – 245.**

In response to Paragraphs 229 through 245, Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same. To the extent any allegations in these paragraphs are intended to apply to Hegemon, they are denied.

**246.**

In response to Paragraph 246, including the included table, Hegemon states that the allegations for calls #1-67 and #69-95 are not directed at Hegemon, and to the extent a response is required, the allegations in Paragraph 246, including the included table, are denied. In response to call #68 in the table, Hegemon lacks sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

**247 – 253.**

In response to Paragraphs 247 through 253, Hegemon lacks sufficient knowledge or information as to the allegations concerning other defendants and accordingly denies the same. To the extent any allegations in these paragraphs are intended to apply to Hegemon, they are denied.

**254.**

In response to Paragraph 254, Hegemon denies the allegations in this paragraph.

**255.**

In response to Paragraph 255, Hegemon denies the allegations in this paragraph.

**256 – 259.**

In response to Paragraphs 256 through 259, Hegemon lacks sufficient knowledge or information to admit or deny these allegations and therefore denies the same. To the extent any allegations in these paragraphs are intended to apply to Hegemon, they are denied.

## V. RELIEF

**260 – 314.**

In response to Paragraphs 260 through 314, these paragraphs set forth Plaintiff's claims for relief and legal conclusions. Hegemon denies all allegations of wrongdoing and denies that Plaintiff is entitled to any relief, damages, costs, or fees from Hegemon.

## VI. AFFIRMATIVE DEFENSES

**BY WAY OF FURTHER ANSWER, HEGEMON ALLEGES THE FOLLOWING AFFIRMATIVE DEFENSES:**

### First Affirmative Defense

Plaintiff’s complaint fails to state a claim upon which relief can be granted against Hegemon, as the allegations do not establish one or more necessary elements of the causes of action asserted.

/ / /

/ / /

**Second Affirmative Defense**

This court lacks personal jurisdiction over Hegemon to the extent that the defendant did not purposefully direct any activities at Washington or at Plaintiff, or did not have sufficient contacts with the forum state to justify the exercise of jurisdiction.

**Third Affirmative Defense**

The damages and/or injuries alleged by Plaintiff were proximately caused by the negligent or wrongful actions and/or omissions of third persons over whom Hegemon had no control.

**Fourth Affirmative Defense**

The damages and/or injuries alleged by Plaintiff were caused by or contributed to by superseding and/or intervening acts over which Hegemon did not have control or responsibility.

**Fifth Affirmative Defense**

Plaintiff's claims for relief may be limited and/or barred to the extent Plaintiff failed to take steps to mitigate his alleged damages.

**Sixth Affirmative Defense**

Plaintiff's claims for relief may be limited and/or barred to the extent Plaintiff failed to take steps to preserve material evidence necessary for Hegemon's inspection or use in Hegemon's defense.

**Seventh Affirmative Defense**

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, including but not limited to 47 U.S.C. § 227, RCW 80.36.400, RCW 19.86, and other related statutes.

/ / /

**Eighth Affirmative Defense**

Some or all of Plaintiff's claims may be barred by the doctrines of laches, waiver, or estoppel.

**Ninth Affirmative Defense**

Hegemon is not the proper party for some or all claims, as such claims relate exclusively to acts by other named or unnamed defendants.

**Tenth Affirmative Defense**

To the extent any calls were made by Hegemon, Hegemon acted with the prior express consent or permission of the Plaintiff, directly or through his agents or intermediaries, rendering the call(s) lawful under 47 U.S.C. § 227 and related regulations.

**Eleventh Affirmative Defense**

Any alleged violations, if they occurred, were not willful or knowing, and thus Plaintiff is not entitled to statutory treble damages under 47 U.S.C. § 227 or RCW 80.36.400.

**Twelfth Affirmative Defense**

The answering defendant did not engage in any willful or knowing conduct intended to violate the TCPA, RCW 80.36.390, RCW 80.36.400, or related consumer protection statutes.

**Reservation of Rights**

Hegemon reserves the right to amend this Answer to Plaintiff's Complaint to allege every possible defense, claim (whether by crossclaims, counterclaims, or third-party claims) and petition for relief that can be raised in law or in fact in the courts of Washington after discovery in this matter is completed and/or during the pendency of this action.

WHEREFORE, having fully answered and stated its Affirmative Defenses, Hegemon prays for judgment as follows:

a. That Plaintiff's Complaint be dismissed in its entirety with prejudice and that Plaintiff recovers nothing;

b. That Hegemon be awarded such other relief as the Court deems just and proper.

DATED this 29th day of August, 2025.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By: /s/ Dustin Dorsey

**Dustin Dorsey, WSBA No. 59127**
Email: dustin.dorsey@qpwblaw.com
1001 Galaxy Way, Suite 312
Concord, CA 94520
Telephone: (925) 466-4230
Facsimile: (925) 466-4231

*Attorneys for Hegemon Group International LLC*

## PROOF OF SERVICE

I hereby certify that on the 29th day of August, 2025, the foregoing DEFENDANT HEGEMON GROUP INTERNATIONAL LLC'S ANSWER AND AFFIRMATIVE DEFENSES was electronically filed through CM/ECF and was served on all registered parties through the CM/ECF system. Additionally, I served a copy of the above and foregoing to the following:

**VIA FIRST CLASS US MAIL**

Silver Shield LLC
Attn: Registered Agents, Inc.
5534 Saint Joe Road
Fort Wayne, IN 46835

Fast & Easy Marketing LLC
Attn: Muhammad Ali Janjua
6750 North Andrews Ave, Suite 150
Ft. Lauderdale, FL 33309

Shawn Akers
1518 Thistle Lane
Fort Wayne, IN 46825

By: */s/Skylar Ryan*
An Employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A.