The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, FAST & EASY MARKETING LLC, HEGEMON GROUP INTERNATIONAL LLC, SILVER SHIELD LIFE LLC, SHAWN AKERS, AND JOHN DOE 1-10,<br><br>Defendants. | NO. 3:25-cv-05671-SKV<br><br>**DEFENDANT AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 2, 2025** |

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Local Civil Rule 7(d)(4), Defendant American Family Life Assurance Company of Columbus ("Aflac"), respectfully moves this Court for an Order dismissing the case in its entirety for failure to state a claim. In support of this Motion, Aflac submits this incorporated Memorandum of Law.

## I. INTRODUCTION

Across 314 paragraphs and 39 pages, Plaintiff Nathen Barton brings 15 claims,[1] most alleged collectively against 6 named defendants and 10 John Doe defendants, based on 95

[1] Barton numbers his claims "Count 1," "Count 2," etc. There is no "Count 4" in his Complaint. For simplicity, Aflac uses these numbers to refer to Barton's claims.



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

alleged phone calls. Many of Barton's claims rely on generalizations about what occurred in "many," "almost all," or "the majority" of these calls. (*See, e.g.*, Compl. ¶¶ 263, 270, 272, 276, 288, 294, 298, ECF No. 1-2.) Barton's claims are either alleged against Defendants collectively or against the "Telemarketers" collectively.

Of these 95 calls, only four reference Aflac whatsoever, and those four calls do not support the claims Barton alleges against Aflac. Barton does not allege that Aflac itself made any calls and instead relies entirely on an implicit theory of vicarious liability, based on the concept that the Telemarketers were working on behalf, and at the direction, of Aflac. But Barton plausibly pleads vicariously liability as to Aflac for, at most, only the first of the four calls. As a result of that call, during which Barton began the process of purchasing an Aflac policy, an Established Business Relationship ("EBR") was established between Aflac and Barton. That EBR created an absolute defense for the subsequent two calls purportedly tied to Aflac. Barton's allegations regarding the fourth call are insufficient to allege Aflac's vicarious liability.

Barton's reliance on generalized allegations about call content and Aflac's liability is fatal to his claims. As explained below, Barton does not plausibly allege any claims against Aflac. His Complaint should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

### A. <u>General Allegations</u>

Barton alleges that he received 95 calls between April 20, 2022, and June 16, 2025. (*E.g.*, Compl. ¶ 247, ECF No. 1-2.) He alleges these calls were to "encourage[e]" him to "purchase . . . final expense insurance ('FEI'), a/k/a burial insurance." (*Id.* ¶ 19.) He alleges that "[m]any" of these calls "used [an] artificial or pre-recorded voice that followed the same script again and again." (*Id.* ¶ 81.) According to Barton, these calls followed 13 different scripts, which he refers to as "Script A," "Script B," and so forth. (*See id.* ¶¶ 81–127.) He also alleges that some calls did not use an artificial or pre-recorded voice and refers to these calls as


Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

"[v]oice" calls. (*See id.* ¶ 247.)

Barton alleges that the "instigators" of these alleged calls were co-Defendants Fast & Easy Marketing LLC ("Fast & Easy"), Hegemon Group International LLC ("Hegemon"), Silver Shield Life LLC ("Silver Shield"), and Shawn Akers. (*Id.* ¶¶ 14–19.) He refers to these four Defendants collectively as the "Telemarketers." *Id.* According to Barton, it was these entities that "placed" these calls "or caused [them] to be placed." (*Id.* ¶ 22.) Barton alleges that Aflac and co-Defendant American-Amicable Life Insurance Company of Texas ("American Amicable") contracted with the Telemarketers to sell their respective FEI policies. (*Id.* ¶ 23.)

**B. <u>Allegations Regarding Aflac</u>**

Of the 95 alleged calls, Barton alleges only four calls where the caller mentioned Aflac: two calls on February 3, 2025, one on February 26, 2025, and one on June 16, 2025. (*Id.* ¶ 247.)

The calls on February 3, 2025, were apparently connected in some manner. (*See id.*) On the first call on February 3, 2025, Barton alleges the caller claimed to be "from American Benefits" and "[p]itched [final expense insurance] from American Amicable and AFLAC." (*Id.*) Barton alleges he then received a "[f]ollow up call" from a different number "selling [final expense insurance] for AFLAC." (*Id.*) It seems Barton at least began the enrollment process on the first call, as he alleges that he provided the first caller with his state of residence on that call. (*See id.* ¶¶ 244, 247.) He apparently completed the enrollment process during what he describes as the "[f]ollow up call." (*See id.* ¶ 247.) That follow-up call was with non-party Waqas Qureshi, who sold Barton an Aflac final expense insurance ("FEI") policy. (*Id.* at ¶¶ 231–32.) Barton alleges that this was a voice call. (*Id.* ¶ 247.) Barton alleges that Qureshi was associated with Fast & Easy. (*Id.* ¶¶ 232–33, 235.) Barton does not allege that he canceled the FEI Policy.

Barton alleges that he received two subsequent calls where the caller mentioned Aflac. On February 26, 2025, he allegedly received a voice call from a someone "[c]alling about AFLAC FEI." (*Id.* ¶ 247.) The description "calling about" contrasts with descriptions of other calls, where Barton alleges the caller was "selling FEI" or "pitched FEI." (*See id.*) According



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

to Barton, on the call on February 26, 2025, either "Barton told the caller not to call his phone number again, or the caller told [him] that his number was already on the callers do-not-call list." (*See id.* ¶¶ 245, 247.)

Finally, on June 16, 2025, Barton allegedly received a call that played "Script E." (*Id.* ¶ 247.) According to Barton, in Script E, a prerecorded voice claimed to be "Hannah Walker" with "US funeral expenses." (*Id.* ¶¶ 102–03.) Barton alleges that on this June 16 call, the "[c]aller pitched FEI from AFLAC and American Amicable." (*Id.* ¶ 247.)

Barton makes several generalized allegations about Aflac's relationship with the Telemarketers. He alleges Aflac contracts with the Telemarketers to sell its FEI policies. (*Id.* ¶ 23.) He alleges that Aflac gives them "access to [its] computer systems for pricing and uploading customers, and the authority to use [its] trade names, trademarks, and service marks." (*Id.* ¶ 24.) He also alleges Aflac "know[s] the agents . . . are generating policies through telemarketing." (*Id.* ¶ 27.) According to Barton, Aflac ratifies their conduct by accepting the benefits of their calls. (*Id.* ¶ 25.) He also references "reports of unwanted telemarketing calls from The Telemarketers" and that he "notified [Aflac] . . . of the entities responsible for his unwanted calls." (*Id.* ¶¶ 26, 28.)

## III. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of the motion, the court accepts material allegations of fact as true; however, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citation & quotations omitted). When considering a motion to dismiss, "courts should not have to serve as advocates for pro se litigants." *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Thus, courts "may not supply essential elements of the claim that were not initially pled," even for pro se litigants. *See Pena*



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

*v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## IV. ARGUMENT

### A. <u>Barton Does Not Allege Aflac is Liable for the Calls.</u>

"For a call to fall under the TCPA, the caller must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *USAnovic v. Americana, L.L.C.*, 775 F. Supp. 3d 1133, 1139 (D. Nev. 2025) (citing *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014)). As noted, Barton alleges only four calls that referred to Aflac: two calls on February 3, 2025, one call on February 26, 2025, and one call on June 16, 2025. (Compl. ¶ 247, ECF No. 1-2.)

#### 1. **Direct Liability**

Barton alleges that the calls in question were made by the "Telemarketers," namely co-Defendants Fast & Easy, Hegemon, Silver Shield, and Akers. (*See id.* ¶¶ 14–19.) He does not allege that Aflac made *any* calls; therefore "[d]irect liability is inapplicable here." *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) ("Direct liability is inapplicable here as the parties do not dispute that the actual sender of the text was Ipsh, a separate provider of text-message based services retained by ESW."), *aff'd,* 582 F. App'x 678 (9th Cir. 2014).

#### 2. **Vicarious Liability**

A plaintiff can plausibly plead vicarious liability under the TCPA by plausibly pleading actual authority, apparent authority, or ratification. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 n.3 (9th Cir. 2018); *USAnovic*, 775 F. Supp. 3d at 1140. "While the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed." *Ritchie Bros. Auctioneers (Am.) Inc. v. Suid*, No. C17-1481-MAT, 2018 WL 721663, at *5 (W.D. Wash. Feb. 6, 2018) (citation & quotations omitted). Barton fails to do so.



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

a. Actual Authority

"[A]ctual authority requires both an agency relationship *and* actual authority to place the unlawful calls . . . ." *Sapan v. Bloom Ret. Holdings, Inc.*, No. 8:24-cv-01213-FWS-KES, 2025 WL 1718083, at *5 (C.D. Cal. Apr. 14, 2025) (citations & quotations omitted) (emphasis in original). "Agency means more than mere passive permission; it involves request, instruction, or command." *Thomas*, 879 F. Supp. 2d at 1085 (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)). Thus, Barton must allege facts showing "[Aflac] directed or supervised the manner and means of the text message campaign conducted by [the Telemarketers]." *See id.* !"As to 'actual authority to place the unlawful calls,' the Ninth Circuit has held that 'actual authority is limited to actions specifically mentioned to be done in a written or oral communication or consistent with a principal's general statement of what the agent is supposed to do.'" *Pascal v. Agentra, LLC*, No. 19-CV-02418-DMR, 2019 WL 5212961, at *3 (N.D. Cal. Oct. 16, 2019) (quoting *Jones*, 887 F.3d at 449) (citation modified).

Barton does not plausibly allege actual authority as to Aflac. While he alleges that Aflac authorized the Telemarketers to sell its policies and knew they were "telemarketing," this is insufficient. *See, e.g.*, *Pascal*, 2019 WL 5212961, at *3 (finding allegation that the defendants hired a caller "to market [their] products and services by calling thousands of phones at a time using an artificial or prerecorded voice message" "insufficient to support a theory of agency liability based on actual authority") (citation modified); *Canary v. Youngevity Int'l, Inc.*, No. 5:18-cv-03261-EJD, 2019 WL 1275343, at *7 (N.D. Cal. Mar. 20, 2019) ("[G]ranting permission to perform telemarketing does not mean that [the defendant] exercised control over the entity that made the [allegedly violative] call."). Barton does not allege any facts showing "[Aflac] directs its agents to make cold calls that violate the TCPA or that [Aflac] has any control over whom its agents call." *See Jorge Valdes v. Nationwide Real Est. Executives, Inc.*, No. SACV-20-01734-DOC-JDEx, 2021 WL 2134159, at *4 (C.D. Cal. Apr. 22, 2021). Absent such allegations of control, Barton cannot show actual authority for any of the alleged calls.



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

b. Apparent Authority

"Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997). "Apparent authority cannot be established merely by showing that [purported agent] claimed authority or purported to exercise it, but must be established by proof of something said or done by the [principal] on which [the third party] reasonably relied." *Id.*

Here, "the Complaint is devoid of any allegations that [Aflac] made any statement or took any action that would have led [Barton] to believe [the Telemarketers] [were] acting as its agent[s]." *Valdes*, 2021 WL 2134159, at *4. In fact, the only interaction with Aflac that Barton alleges is that Aflac indicated it would gather information regarding his policy and DNC request. (*See* Compl. ¶¶ 236–38, ECF No. 1-2.) The fact that the callers mentioned Aflac is insufficient to show apparent authority. *See, e.g.*, *USAnovic*, 775 F. Supp. 3d at 1141 (finding allegations "that the agents identified themselves as calling from [the defendant's trade name]" were "insufficient to establish apparent authority"). As a result, Barton has not plausibly alleged apparent authority.

c. Ratification

Ratification is "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citation modified). "Even if a principal ratifies an agent's act, the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." *Id.* (citation modified). "A principal has assumed the risk of lack of knowledge if the principal is shown to have had knowledge of facts that would have led a reasonable person to investigate further, but the principal ratified without further investigation."



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

*Id.* (quotation omitted).

Barton has not plausibly alleged that Aflac ratified any of the calls. While he alleges that Aflac sold him a policy, he does not plausibly allege that Aflac knew about the initial caller's alleged lack of compliance with the TCPA and Washington's telemarketing laws. While Barton alleges "reports of unwanted telemarketing calls from The Telemarketers" and that he "notified [Aflac] . . . of the entities responsible for his unwanted calls," (Compl. ¶¶ 26, 28, ECF No. 1-2), the only specific instance cited occurred on March 4, 2025, after Barton had purchased his policy. Barton does not allege that any of these "reports" or "notifi[cations]" predated the February 3, 2025 call. *See Kristensen*, 879 F.3d at 1015 n.1 (rejecting the argument that a post hoc report put the defendant "on notice" for purposes of ratification). His allegation that Aflac "kn[ew] the agents . . . [were] generating policies through telemarketing," (Compl. ¶ 27, ECF No. 1-2), is similarly insufficient. After all, telemarketing is not unlawful. "The knowledge that an agent is engaged in an otherwise commonplace marketing activity is not the sort of red flag that would lead a reasonable person to investigate whether the agent was engaging in unlawful activities." *See Kristensen*, 879 F.3d at 1015.

In sum, Barton has not plausibly alleged Aflac's vicarious liability for any of the calls he allegedly received. At most, he alleges facts to support a ratification theory for the first call, on February 3, 2025. The Court should disregard Barton's attempts to hold Aflac liable where it did not "directly make the call," or "have an agency relationship with the person who made the call." *See USAnovic*, 775 F. Supp. 3d at 1139.

### B. <u>Barton's Federal Law Claims Should Be Dismissed</u>

#### 1. Count 1: 47 U.S.C. § 227(b)

Barton's § 227(b) claim against Aflac fails because he does not plausibly allege that Aflac directly made a call using an artificial or prerecorded voice or had an agency relationship with anyone who did. Section 227(b)(1)(A)(iii) makes it unlawful to call a cellular telephone number "using . . . an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A)(iii); *see also*


Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

47 C.F.R. § 64.1200(a)(1)(iii). As noted above, Barton has plausibly alleged that Aflac is responsible for, at most, only one call, on February 3, 2025. During that call, Barton began the process of purchasing an Aflac policy. This call was not made with an artificial or prerecorded voice. (*See* Compl. ¶ 247, ECF No. 1-2.) Thus, Barton has not plausibly alleged a § 227(b) claim against Aflac.

2. **Count 2: 47 U.S.C. § 227(c)**

Barton alleges Aflac violated 47 U.S.C. § 227(c) and 47 C.F.R § 64.1200 "by making telephone solicitations to Plaintiff's cellular telephone numbers while the numbers were registered on the FTC's National do-not-call registry." (Compl. ¶ 261, ECF No. 1-2.) This claim fails for multiple reasons.

First, Barton alleges that Aflac is liable for, at most, one call to a telephone number registered on the National DNC registry. To state a § 227(c) claim, a person must have "received *more than one* telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5) (emphasis added). "There can be no liability under 47 U.S.C. § 227(c)(5) for a call or message that is sent 'to any person with whom the caller has an established business relationship.'" *Abboud v. Circle K Stores Inc.*, No. CV-23-01683-PHX-DWL, 2025 WL 307039, at *13 (D. Ariz. Jan. 27, 2025) (citing 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(c)(2)). An established business relationship ("EBR") may be formed by "the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5).

In the first February 3, 2025 call, Barton expressed interest in Aflac's insurance policies and began his application for the FEI policy that he later purchased. This formed an EBR that covered the second and third calls, which were made within three months of February 3, 2025, and before Barton terminated the EBR. Thus, "[t]here can be no liability under 47 U.S.C. § 227(c)(5)" for these calls. *See Abboud*, 2025 WL 307039, at *13.



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

As explained, Barton does not not plausibly allege that Aflac is vicariously liable for the fourth alleged call that he received on June 16, 2025. Barton does not allege actual authority or apparent authority because he does not allege Aflac's control over the caller or any statement by Aflac that would indicate that the caller was acting as Aflac's agent. Aflac's connection to the June 16 call is especially tenuous given the caller pitched multiple insurers' policies to Barton. *See Jones*, 887 F.3d at 446 (finding limited control where the caller pitched a service and, once the customer was interested, "pick[ed] a particular service plan from one of their many vendors to sell to the consumer"). And Barton does not allege any action Aflac took to ratify this call. Because at most only the first call on February 3, 2025, was made "by or on behalf of" Aflac, Barton's claim fails.

Second, Barton does not specify which of his "cellular telephone numbers" received the four calls that mentioned Aflac. (*See id.*) This is fatal to his claim, even if Aflac were vicariously liable for all four calls Plaintiff claims were made on behalf of Aflac. As Judge Evanson recently explained in another TCPA class action filed by Barton: "because the TCPA only grants a private right of action to '[a] person who has received *more than one* telephone call within any 12-month period by or on behalf of the same entity[,]' the Court needs to know, at minimum, the date and receiving phone number of the calls that Plaintiff alleges are illegal." *Barton v. George*, No. C25-5110-KKE, 2025 WL 1884098, at *4 (W.D. Wash. July 8, 2025) (quoting 47 U.S.C. § 227(c)(5)).[2] Barton does not allege which phone numbers received the four calls that mention Aflac, so it is not clear whether any of the calls were made to the same number. Likewise, it is not clear whether (and when) any of the numbers were on the DNC list. (*See* Compl. ¶ 63, ECF No. 1-2 (alleging Barton placed one phone number on the National DNC

[2] Judge Evanson made this observation in the context of a motion for default judgment, but that does not detract from its persuasive force. A motion for default judgment, like a Rule 12(b)(6) motion, focuses on the sufficiency of the pleadings. *See, e.g.*, *Baffert v. Wunderler*, No. 3:23-CV-1774-RSH-BLM, 2025 WL 1784625, at *5 n.4 (S.D. Cal. June 27, 2025) ("The standard for entering default judgment is . . . 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'") (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

registry "in 2021").) His § 227(c)(5) claim therefore fails.[3]

3. **Count 3: 47 C.F.R. § 64.1200(a)(7)**

Barton has not plausibly alleged Count 3. Under 47 C.F.R. § 64.1200(a)(7), "[n]o person or entity may . . . [a]bandon more than three percent of all telemarketing calls that are answered live by a person, as measured over a 30–day period for a single calling campaign." 47 C.F.R. § 64.1200(a)(7). Barton alleges, "In the majority of calls initiated to Plaintiff by the Telemarketer, or on the Telemarketer's behalf, where Plaintiff answered a ringing telephone and timed how long it took for the entity behind the call to start 'speaking', the calls did not meet the two second requirement." (Compl. ¶ 263, ECF No. 1-2.)

Barton does not allege whether he timed the first call on February 3, 2025, or whether this call failed to connect Barton to a live sales representative within two seconds. Without such allegations, his § 64.1200(a)(7) claim against Aflac fails.

Moreover, even if (1) Aflac was vicariously liable for all four alleged calls where Aflac was mentioned (it is not), and (2) all four calls did not meet the "two second requirement," "it [is] entirely implausible to extrapolate an abandonment rate in excess of 3% to [Aflac] based on these four calls." *See Dahdah v. Rocket Mortg., LLC*, No. 22-11863, 2024 WL 4299564, at *8 (E.D. Mich. Sept. 26, 2024). "[A]ny inference of an abandonment rate of more than 3% in a 30-day period is even more tenuous" because the four calls allegedly occurred over the course of several months. *See id.* Barton's § 64.1200(a)(7) claim against Aflac should be dismissed.

4. **Count 5: 47 C.F.R. § 64.1200(b)**

Count 5 fails. Barton alleges Aflac violated 47 C.F.R. § 64.1200(b), which prescribes regulations for "artificial or prerecorded voice telephone messages." He alleges that the "Telemarketer did not provide the identification information required in paragraph (b)(1) and

[3] Notably, this is not a semantic "gotcha" argument: in another TCPA class action filed by Barton, the "defendants submit[ted] evidence that [Barton] has used at least five different numbers in [his] numerous TCPA lawsuits." *Barton v. Delfgauw*, No. 3:21-CV-05610-JRC, 2023 WL 1818134, at *5 (W.D. Wash. Feb. 7, 2023).



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

thus did not provide an opt out mechanism within two seconds of it." (Compl. ¶ 268, ECF No. 1-2.) Only the alleged June 16, 2025 call both used a prerecorded voice and mentioned Aflac. But, as explained, Barton does not plausibly allege facts showing Aflac is directly or vicariously liable for this call. Because Aflac is not directly or vicariously liable for any "artificial or prerecorded voice telephone messages," Barton's 47 C.F.R. § 64.1200(b) claim against Aflac should be dismissed.

5. **Count 6: 47 C.F.R. § 64.1200(d)(4)**

Count 6 fails for the same reason. The regulation that Barton alleges Aflac violated applies to "[a] person or entity making an artificial or prerecorded-voice telephone call." 47 C.F.R. § 64.1200(d)(4). Aflac did not make any such calls, nor is it vicariously liable for any. This claim also fails because Barton does not allege which specific calls failed to comply with this regulation, only that the 95 calls "[w]ith few exceptions . . . did not provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted on any call." (Compl. ¶ 270, ECF No. 1-2) (quotations omitted). Only one call, on June 16, 2025, that purportedly mentioned Aflac was also a prerecorded-voice call. As explained, there is no basis to find that Aflac was vicariously liable for that call. Even if Aflac were vicariously liable for the call on June 16, 2025, Barton does not plausibly allege that this call violated 47 C.F.R. § 64.1200(d)(4). Count 6 should be dismissed.

6. **Count 7: 47 C.F.R. § 64.1601(e)**

Barton's claim for violation of 47 C.F.R. § 64.1601(e) fails for two reasons. First, "section 64.1601(e) does not create a private right of action." *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017). "[S]ection 64.1601(e) does not expressly convey a private right of action." *Id.* at *17. And "[a]ny violation of § 64.1601(e)(1) is a violation of technical and procedural standards under *[47 U.S.C. 227(d)]*, and . . . no private right of action exists under the latter subsection of the TCPA." *Worsham v.*



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

*Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016), *aff'd,* 678 F. App'x 165 (4th Cir. 2017). "Where a statutory scheme and its implementing regulations have expressly created a private right of action but have not expressly done so elsewhere in the same scheme, it is 'highly improbable' that Congress—or here, the FCC—'absent mindedly forgot to mention an intended private action.'" *Meyer*, 2017 WL 5138316, at *16 (quoting *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 20 (1979)). District courts in the Ninth Circuit have thus concluded no private right of action exists for violations of § 64.1601(e). *See id.*; *Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024) (finding "persuasive the reasoning of every federal court to consider the issue" and no private right of action exists for alleged violations of 47 C.F.R. § 64.1601(e)).

Second, Barton's claim fails because he does not plausibly allege that Aflac violated 47 C.F.R. § 64.1601(e). This section applies to "[a]ny person or entity that engages in telemarketing," as defined in 47 C.F.R. § 64.1200(f). Section 64.1200(f)(13) defines "[t]he term telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). Because Barton does not allege that Aflac initiated any of the alleged calls, Aflac is not a "person or entity that engages in telemarketing," and § 64.1601(e) does not apply.

### C. <u>Barton's State Law Claims Should Be Dismissed</u>

#### 1. Counts 8 through 15: RCW 80.36.390

Washington's DNC statute, RCW 80.36.390, only gives a cause of action to persons "aggrieved by *repeated* violations of this section." RCW 80.36.390(13) (emphasis added). In other words, Aflac must have initiated multiple violative phone calls to Barton. But Aflac did not initiate any of the alleged calls, and Washington's DNC statute is silent as to vicarious liability. Even if it did provide for vicarious liability, Aflac could be held vicariously liable for,



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

at most, only the first February 3, 2025 call, as explained above. The second and third calls were "made in response to a request or inquiry by [Barton]" and "regarding an item that [was] purchased by [Barton] from [Aflac]": his insurance policy. Thus, these calls do not meet the definition of an actionable "telephone solicitation" under the statute. *See* RCW 80.36.390(1)(b)(i) ("'Telephone solicitation' does not include . . . [c]alls made in response to a request or inquiry by the called party. This includes calls regarding an item that has been purchased by the called party from the company or organization . . . ."). And Barton does not plausibly allege vicarious liability for the June 16, 2025 call. As explained above, Barton does not allege facts to support actual authority, apparent authority, or ratification for this call. As a result, Barton's claims under RCW 80.36.390 must fail because he does not allege that Aflac committed repeated violations.

### 2. Counts 8 and 9: RCW 80.36.390(2) and (6)

In Counts 8 and 9, Barton alleges Defendants violated a prior version of RCW 80.36.390(2) and (6). (Compl. ¶¶ 274–79, ECF 1-2.) The version was effective from June 9, 2022, to July 22, 2023. *See* RCW 80.36.390(2), (6) (2022) (amended 2023). Barton alleges Counts 8 and 9 against Defendants collectively.

Barton does not plausibly allege these claims against Aflac. Barton does not allege that any of the calls he received between June 9, 2022, and July 22, 2023, mentioned Aflac. He does not allege that Aflac itself placed these calls. And he alleges no facts to support an agency relationship between Aflac and whoever made the alleged calls. Counts 8 and 9 should be dismissed as to Aflac.

### 3. Count 10: RCW 80.36.390(3)

Barton does not plausibly allege that Aflac violated RCW 80.36.390(3). RCW 80.36.390(3) provides, "A person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call." In support of this claim, Barton



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

alleges, "Defendants failed to identify themselves and the purpose of the call as required legally during the first 30 seconds of the phone calls." (Compl. ¶ 282, ECF No. 1-2.) In other words, Barton's "complaint merely repeats the exact language from the statute without adding any factual allegations. Mere conclusory recitations of a statute are not sufficient under Rule 8 to plead a cause of action." *Enlink Geoenergy Servs., Inc. v. Jackson & Sons Drilling & Pump, Inc.*, No. C-09-03524 CW, 2010 WL 1221861, at *2 (N.D. Cal. Mar. 24, 2010).

Moreover, RCW 80.36.390(3) applies to "[a] person making a telephone solicitation," but Barton does not allege that Aflac made any calls. Barton's allegations focus solely on the alleged actions of the persons who placed the calls, tracking the statutory language. Because Barton has not plausibly alleged that RCW 80.36.390(3) applies to Aflac or that Aflac violated it, Count 10 should be dismissed.

4. **Counts 11 and 12: RCW 80.36.390(6)**

Counts 11 and 12 are not alleged against Aflac. RCW 80.36.390(6) provides, "If, at any time during the telephone contact, the called party states or indicates they want to end the call, the telephone solicitor must end the call within 10 seconds." RCW 80.36.390(6). Similarly, if a called party asks not to be called again, RCW 80.36.390(7) requires the telephone solicitor to end the call within 10 seconds, "inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year," and "not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year." RCW 80.36.390(7).

Barton alleges, "In many calls, after information the Telemarketer that he did not want to be called again or wanted his phone number removed from their calling list, the Telemarketer did not end the call within 10 seconds, inform Barton that his contact information would be removed for at least one year, and often the Telemarketer did again call Barton at the same phone number within one year." (Compl. ¶ 288, ECF No. 1-2.) Counts 11 and 12 are alleged



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

against the Telemarketers, not against Defendants collectively or Aflac specifically. (*See id.*) Thus, Barton does not allege that Aflac violated RCW 80.36.400(6) or (7). (*See id.* at ¶¶ 14–18 (defining "The Telemarketers" as Fast & Easy, Hegemon, Silver Shield, and Akers).)

Even if Barton had alleged Counts 11 and 12 against Aflac, those claims would fail. Barton's only factual allegation to support these claims is that "[i]n *many calls*, after information the Telemarketer that he did not want to be called again or wanted his phone number removed from their calling list, the Telemarketer did not end the call within 10 seconds, inform Barton that his contact information would be removed for at least one year, and often the Telemarketer did again call Barton at the same phone number within one year." (*Id.* ¶ 288 (emphasis added).) Barton does not identify any specific call where this occurred. (*See generally* Compl.) Thus, Barton has not plausibly alleged that Aflac failed to end a call within 10 seconds of Barton stating or indicating he wanted to end the call or that it failed to honor his opt-out.

5. **Count 13: RCW 80.36.390(8)**

Count 13 is not alleged against Aflac and would fail regardless. In Count 13, Barton alleges, "The telemarketer placed phone calls to Barton before 8am but after 8pm." (Compl. ¶ 291, ECF No. 1-2.) As noted, Aflac is not a "Telemarketer," and Count 13 is not alleged against Defendants collectively or Aflac specifically. (*See id.*) Even if Count 13 was alleged against Aflac, the claim would fail. Like Count 10, this claim "merely repeats the exact language from the statute without adding any factual allegations." *Enlink Geoenergy*, 2010 WL 1221861, at *2. Barton does not allege that all the alleged calls were received between 8 p.m. and 8 a.m. or identify any specific calls that were. (*See generally* Compl.) To the extent it is alleged against Aflac, Count 13 should be dismissed.

6. **Count 14: RCW 80.36.390(9)**

Barton's RCW 80.36.390(9) claim fails. RCW 80.36.390(9) provides, "No person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended." RCW 80.36.390(9). Like its federal counterpart, this DNC subsection gives a cause of action to persons "aggrieved by *repeated* violations of this section." RCW 80.36.390(13) (emphasis added). In support of this claim, Barton alleges, "[t]he Defendants initiated many calls to Barton's cell phone numbers while they were registered on the do not call registry." (Compl. ¶ 294, ECF No. 1-2.) Barton's failure to specify which of "Barton's cell phone numbers" received the calls is fatal to his RCW 80.36.390(9) claim against Aflac for the same reason it is fatal his TCPA § 227(c)(5) claim. *See George*, 2025 WL 1884098, at *4 ("[B]ecause the TCPA only grants a private right of action to '[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity[,]' the Court needs to know, at minimum, the date and receiving phone number of the calls that Plaintiff alleges are illegal.") (quoting 47 U.S.C. § 227(c)(5).)

7. **Count 15: RCW 80.36.390(10)**

Barton's claim for violation of RCW 80.36.390(10) fails for two reasons. RCW 80.36.390(10) provides, "It is unlawful for a person to initiate, or cause to be initiated, a telephone solicitation that violates 47 U.S.C. Sec. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government. This subsection applies to all telephone solicitation intended to be received by telephone customers within the state." RCW 80.36.390(10). Barton alleges, "[t]he Defendants knowingly initiated many calls to Barton's cell phone numbers while transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value from Barton. They did so knowing that Barton resided in the 98607 zip code." (Compl. ¶¶ 298–99, ECF No. 1-2.)

"Plaintiff's complaint does not identify any misleading or inaccurate identification information intended to defraud; it merely restates the statute." *Barton v. Real Innovation Inc.*,



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

No. 3:24-CV-05194-DGE, 2025 WL 1993193, at *5 (W.D. Wash. July 17, 2025). Additionally, because the statute only gives a cause of action to persons "aggrieved by *repeated* violations of this section," RCW 80.36.390(13) (emphasis added), Barton's failure to specify which of "Barton's cell phone numbers" received the calls is fatal to his claims against Aflac.

8. **Count 16: RCW 80.36.400(2)**

Barton's claim for violation of RCW 80.36.400(2) fails. This subsection provides, "No person may use an automatic dialing and announcing device for purposes of commercial solicitation." RCW 80.36.400(2). This subsection thus applies to *callers*, that is, "person[s] [who] *use an automatic dialing and announcing device*." *See id.* (emphasis added). This conclusion is reinforced by the structure of RCW 80.36.400, which separately treats those who "assist in the transmission of a commercial solicitation." RCW 80.36.400(3). Barton does not allege that Aflac itself used an automatic dialing and announcing device.

Further, the statute defines "[a]utomatic dialing and announcing device" as "a system which automatically dials telephone numbers and transmits a recorded or artificial voice message once a connection is made." RCW 80.36.400(1)(b). "Thus, the use of a device that merely automatically dials telephone numbers—but does not play a recorded message once a connection is made—does not violate RCW 80.36.400." *Williams v. MCIMetro Access Transmission Servs. Inc.*, 363 F. App'x 518, 519 (9th Cir. 2010). Even if RCW 80.36.400 permitted vicarious liability, Barton has not plausibly alleged that Aflac is vicariously liable for any call that played a recorded message. As a result, his RCW 80.36.400(2) claim against Aflac fails.

## V. CONCLUSION

Barton alleges, at most, only one call for which Aflac can be vicariously liable. That is not sufficient to hold Aflac liable for other calls made pursuant to his EBR with Aflac or over which Aflac had no control. Similarly, to state a claim, Barton must allege facts regarding the calls in question. Instead, he relies on restated statutory requirements or generalized allegations



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

about what happened for calls that did not mention Aflac at all. These allegations are insufficient and his Complaint should be dismissed.

DATED this 4th day of September, 2025.


By */s/ Kristin Nealey Meier*
Kristin Nealey Meier, WSBA #33562
RYAN, SWANSON & CLEVELAND, PLLC
401 Union Street, Suite 1500
Seattle, Washington 98101-2668
Telephone: (206) 464-4224
kmeier@ryanlaw.com

Francis X. Nolan, IV (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10036-7703
T: (212) 389-5083
franknolan@eversheds-sutherland.com

Attorneys for Defendant American Family Life Assurance Company of Columbus


*I certify that this memorandum contains 6,218 words, in compliance with the Local Civil Rules.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 4th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically generates a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

A Henderson
Angie Henderson, Legal Assistant
henderson@ryanlaw.com



Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224