UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, | Case No. 3:25-cv-05671-TMC |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC |
| v. | |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS; AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS; FAST & EASY MARKETING LLC; HEGEMON GROUP INTERNATIONAL LLC; SILVER SHIELD LIFE LLC; SHAWN AKERS; AND JOHN DOES 1-10, | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is *pro se* plaintiff Nathen Barton's motion for default judgment against defendant Fast & Easy Marketing LLC ("Fast & Easy"). Dkt. 37. Mr. Barton alleges that Fast & Easy made unwanted phone calls to him in violation of state and federal law. Dkt. 1-2. When Fast & Easy failed to respond after being served, the Clerk entered default. Dkts. 27, 34. Mr. Barton then made the instant motion. For the following reasons, Mr. Barton's motion for default judgment against Fast & Easy is GRANTED IN PART and DENIED IN PART.

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 1

## II. BACKGROUND

Mr. Barton is a Washington resident whose phone number has been listed on the national do-not-call registry since 2021. Dkt. 1-2 ¶¶ 29, 63. Mr. Barton alleges that Fast & Easy, operating as a telemarketer, made many unsolicited phone calls to sell him final expense (or burial) insurance policies. *Id.* ¶ 66. While some parts of the complaint lack clarity, it appears that Fast & Easy called Mr. Barton at least twelve times. *Id.* at 31–34.

At pages 31 through 34 of the complaint, Mr. Barton lists all the phone calls made by defendants in a table. *Id.* One column of the table is labeled "WA." *Id.* If the "WA" column contains a checkmark, then

> on that call Mr. Barton told the caller he resided in Washington State, or in Zip code 98607, or both, or that the caller told Mr. Barton that the caller already knew Mr. Barton resided in Washington State.

*Id.* ¶ 244. Another column is titled "Script," which details whether the call was a recording (letters "A" to "M," referencing specific scripts) or an actual person ("Voice"). *Id.* ¶¶ 81–127. There is also a column titled "DNC," and if that column is checked, then "Mr. Barton told the caller not to call his phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list." *Id.* ¶ 245.

Using this table, Mr. Barton alleges that Fast & Easy called him on: April 20, 2022 (Voice, WA); July 12, 2022 (A, WA, DNC); August 2, 2022 (A, WA); October 26, 2022 (Voice, WA); December 6, 2022 (Voice, WA); January 3, 2023 (Voice); January 4, 2023 (Voice, DNC); January 9, 2023 (Voice, DNC); July 20, 2023 (H); September 11, 2023 (M); and February 3, 2025 (Voice, WA). *Id.* at 31–34. He also alleges that the callers never identified themselves as working for Fast & Easy. Instead, they used aliases such as "American Benefits" or "Senior Benefits." *Id.* ¶ 68, 251.

To find out who was really behind the phone calls, Mr. Barton bought an insurance policy during the February 3, 2025 call. *Id.* ¶ 231. The policy was with American Family Life Assurance Company of Columbus ("AFLAC"). *Id.* ¶ 232. Mr. Barton later learned the identity of the caller through AFLAC and obtained their phone number and address. *Id.* ¶ 232. The phone number belonged to Fast & Easy, whose address and incorporation is in Florida. *Id.* ¶¶ 49, 232–33.

Mr. Barton served the defendants a complaint captioned for Clark County Superior Court on July 7, 2025. Dkt. 1 at 2. The complaint alleges that the defendants, including Fast & Easy, violated the Telephone Consumer Protection Act of 1991 ("TCPA"), the Washington Automatic Dialing and Announcing Device Act ("WADAD"), and the Washington Commercial Telephone Solicitation Act ("WCTSA") with their unsolicited phone calls. Dkt. 1-2 ¶¶ 260–304. American Amicable Life Insurance Company of Texas ("American-Amicable") removed the case to federal court on July 31, 2025. Dkt. 1.

Fast & Easy was served by mail on August 4, 2025. Dkt. 27. When they did not respond, Mr. Barton moved for default on September 6, which the Clerk granted on September 10. Dkts. 29, 34. Mr. Barton then moved for default judgment on liability only, asking the Court to hold a hearing on damages after he has the opportunity to conduct discovery against the other defendants. Dkt. 37; *see* Fed. R. Civ. P. 55(b)(2)(B). Fast & Easy has not appeared to oppose the motion or otherwise respond.

### III.  LEGAL STANDARDS

Because Mr. Barton is proceeding *pro se*, the Court must construe his pleadings and motions liberally. *United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 3

appear or otherwise defend in an action. Fed. R. Civ. P. 55. When deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations and quotation marks omitted); Fed. R. Civ. P. 8(b)(6). Courts do not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Courts weigh the following factors ("*Eitel* factors") in deciding motions for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (discussing how district courts "weigh" the *Eitel* factors). Entry of default judgment is left to a court's sound discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If a court determines that default judgment is appropriate, it then determines the relief that should be given. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

### IV. DISCUSSION

**A.  Jurisdiction**

The Court first examines its jurisdiction when evaluating a motion for default judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction under 28 U.S.C. § 1331. Mr. Barton alleges violations of the TCPA, a federal law. Dkt. 1-2 ¶¶ 260–73; *Mims v. Arrow Fin. Servs., LLC*, 565

U.S. 368, 372 (2012) ("[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA.").

The Court has personal jurisdiction under Washington state's "long arm" statute. A district court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which it sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Fast & Easy is incorporated in Florida. Dkt 1-2 ¶¶ 232–33. For nonresident defendants and foreign corporations to be subject to Washington state's "long-arm" statute, a court must find the following factors:

> (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 963–64, 331 P.3d 29 (2014) (quoting *Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 767, 783 P.2d 78 (1989)).

Factors one and two are easily satisfied. Mr. Barton alleges that Fast & Easy first called him on April 20, 2022. Dkt. 1-2 at 31. The "WA" column was checked for the April 20 call. *Id.* at 31. After receiving notice that Mr. Barton resides in Washington during the April 20 call, Fast & Easy "purposefully" transacted with Washington through its later calls on July 12, 2022, August 2, 2022, October 26, 2022, December 6, 2022, January 3, 2023, January 4, 2023, January 9, 2023, July 20, 2023, September 11, 2023, and February 3, 2025. *Id.* at 31–34. Factor three is also easily satisfied. Given Fast & Easy's "efforts to exploit the Washington market . . . it would

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 5

[not] offend 'traditional notions of fair play and justice' for Washington to assert jurisdiction." *Shute*, 113 Wn.2d at 768.

B.    **Default Judgment: The *Eitel* factors**

With jurisdiction resolved, the Court must consider whether default judgment is appropriate under the *Eitel* factors. *NewGen, LLC*, 840 F.3d at 616–17. The Court notes that Mr. Barton has not addressed the *Eitel* factors in his motion. "While the court could deny his motion based on that failure," because Mr. Barton is proceeding *pro se* the Court declines to do so. *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1182 (W.D. Wash. 2022). In the future, however, the Court may not excuse an oversight of this kind. Mr. Barton is an especially competent and frequent *pro se* litigant, and he is capable of persuasively addressing the *Eitel* factors when he asks the Court to exercise its discretion to award him default judgment.

      1.    *Factor one: the "possibility of prejudice to the plaintiff"*

"On a motion for default judgment, 'prejudice' exists where the plaintiff has no 'recourse for recovery' other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)); *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) ("If the Court does not enter a default judgment, it will allow [the defendant] to avoid liability by not responding to [the plaintiff's] claims."). Here, because of Fast & Easy's inaction since service, Mr. Barton would be unable to recover anything from them absent a default judgment.

      2.    *Factors two and three: the "merits of plaintiff's substantive claim" and the "sufficiency of the complaint"*

The second and third *Eitel* factors, "the substantive merits of the claim and the sufficiency of the complaint," are often analyzed together. *Id.* (citing *PepsiCo., Inc. v. Cal. Sec.*

*Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). These factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. "In performing this analysis, courts take 'the well-pleaded factual allegations . . . as true.'" *Messerlian v. JP Grp. LA*, No. CV 23-8451-KK-JPRX, 2025 WL 2074360, at *3 (C.D. Cal. May 23, 2025) (quoting *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)). Allegations that merely parrot the relevant statutory language are not well-pleaded facts. *DIRECTV, Inc.*, 503 F.3d at 854. Mr. Barton's complaint contains fifteen counts against all defendants, including Fast & Easy.[1] The Court will go through each count in turn.

### a)    Count one: 47 U.S.C. § 227(b)

Under 47 U.S.C. § 227(b) it is unlawful to "make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice" to certain phone lines, absent statutory exceptions.

Mr. Barton sufficiently alleges that Fast & Easy violated 47 U.S.C. § 227(b). He alleges that Fast & Easy called him with a recording on July 12, 2022 (Script A), August 2, 2022 (Script A), July 20, 2023 (Script H), and September 11, 2023 (Script M). Dkt. 1-2 at 31–34. He also alleges that none of the statutory exceptions covered these calls. *Id.* at ¶ 260. Factors two and three lean in favor of granting default judgment on count one.

### b)    Count two: 47 U.S.C. § 227(c)

47 U.S.C. § 227(c) "provides authority for regulations to create the Do Not Call Registry and § 227(c)(5) creates a private right of action for '[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]'" *Real Innovation Inc.*, 792 F. Supp. 3d at 1206.

---

[1] Mr. Barton's numeration of counts goes to sixteen, but the counts total fifteen because he skips the number four.

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 7

Mr. Barton sufficiently alleges that Fast & Easy violated 47 U.S.C. § 227(c). He alleges that he received at least twelve unsolicited phone calls from Fast & Easy on a phone number listed on the Do Not Call Registry. Dkt. 1-2 at 31–34. Factors two and three lean in favor of granting default judgment on count two.

### c) Count three: 47 C.F.R. § 64.1200(a)(7)

Under 47 C.F.R. § 64.1200(a)(7),

> [n]o person or entity may . . . [a]bandon more than three percent of all telemarketing calls that are answered live by a person, as measured over a 30-day period for a single calling campaign. If a single calling campaign exceeds a 30-day period, the abandonment rate shall be calculated separately for each successive 30-day period or portion thereof that such calling campaign continues. A call is "abandoned" if it is not connected to a live sales representative within two (2) seconds of the called person's completed greeting.

Mr. Barton has not sufficiently alleged that Fast & Easy has violated 47 C.F.R. § 64.1200(a)(7). He alleges that "the majority of calls" made by "the Telemarketer" were abandoned and did not "meet the two second requirement." Dkt. 1-2 ¶ 263. But it is unclear whether "the Telemarketer" is Fast & Easy given how many telemarketer defendants are in the complaint. It is also unclear which of the calls made by Fast & Easy were abandoned and, if they were, whether it occurred within two seconds. If a claim fails under these two factors, it is fatal to the motion for default judgment. *Gulliver's Tavern, Inc. v. Foxy Lady Inc.*, No. 3:23-CV-05027-TMC, 2024 WL 3992483, at *3 (W.D. Wash. Aug. 29, 2024) (denying motion for default judgment and only addressing second and third *Eitel* factors). Accordingly, the Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count three.

### d) Count five: 47 C.F.R. § 64.1200(b)

47 C.F.R. § 64.1200(b) regulates "artificial or prerecorded voice telephone messages." Count five concerns three subsections, 47 C.F.R. § 64.1200(b)(1–3). The Court will consider each subsection separately.

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 8

Subsection one requires prerecorded voice calls to, "[a]t the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated." 47 C.F.R. § 64.1200(b)(1).

Mr. Barton has sufficiently alleged that Fast & Easy violated 47 C.F.R. § 64.1200(b)(1). He alleges that Fast & Easy called him with a recording on July 12, 2022 (Script A), August 2, 2022 (Script A), July 20, 2023 (Script H), and September 11, 2023 (Script M). Dkt. 1-2 at 31–34. He also alleges that under the various scripts, the calls start with either "Hello this is James[,] I am with American Benefits," "This is Emily Wilson" from "US Funeral Expenses," or "This is Alex with Senior Care." Dkt. 1-2 at 15, 18, 20. Although these recordings appear to provide the "identity of [a] business," Mr. Barton plausibly alleges that the names are not "the name under which the entity is registered to conduct business with the State" regulatory authorities.

Subsection two requires prerecorded voice calls to, "[d]uring or after the message, state clearly the telephone number (other than that of the autodialer or prerecorded message player that placed the call) of such business, other entity, or individual." 47 C.F.R. § 64.1200(b)(2).

Mr. Barton has sufficiently alleged that Fast & Easy violated 47 C.F.R. § 64.1200(b)(2). He alleges that none of the recordings used include the telephone number of the business. Dkt. 1-2 ¶ 89–127.

Subsection three requires prerecorded voice calls to "provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, within two (2)

seconds of providing the identification information required in paragraph (b)(1) of this section." 47 C.F.R. § 64.1200(b)(3).

Mr. Barton has sufficiently alleged that Fast & Easy violated 47 C.F.R. § 64.1200(b)(3). He alleges that none of the recordings "allow the opt out from future calls." Dkt. 1-2 ¶ 88.

Factors two and three lean in favor of granting default judgment on count five.

e)   Count six: 47 C.F.R. § 64.1200(d)(4)

Under 47 C.F.R. § 64.1200(d)(4), "artificial or prerecorded-voice telephone call[s]" must "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

Mr. Barton has sufficiently alleged that Fast & Easy violated 47 C.F.R. § 64.1200(d)(4). He alleges that none of the recordings used include the telephone number of the business. Dkt. 1-2 ¶ 89–127. Factors two and three lean in favor of granting default judgment on count six.

f)   Count seven: 47 C.F.R. § 64.1601(e)

Under 47 C.F.R. § 64.1601(e), callers are prohibited from "blocking the transmission of caller identification information." 47 C.F.R. § 64.1601(e)(2). But district courts are divided on whether 47 C.F.R. § 64.1601(e) may be enforced through a private right of action. Some have found 47 C.F.R. § 64.1601(e) "does not expressly convey a private right of action" because it "appears to support consumers' enforcement efforts under the TCPA's subsection c, rather than to create a separate mechanism upon which a consumer can make an actionable claim." *Meyer v. Capital Alliance Grp.*, Case No. 15-CV-2405-WVG, 2017 WL 5138316, at *17 (S.D. Cal. Nov. 6, 2017). Others have found that 47 C.F.R. § 64.1601(e) was "promulgated under § 227(c), and that a private right of action exists." *Newell v. JR Cap., LLC*, Case No. 25-1419, 2025 WL 2004706, at *2 (E.D. Pa. July 16, 2025); *see also Dobronski v. SelectQuote Ins. Servs.*, 773 F.

Supp. 3d 373, 380 (E.D. Mich. 2025). One court in this district recently considered this question in *Barton v. Bright Solar Marketing LLC*, No. 3:25-CV-05310-DGE, 2025 WL 2880136, at *6 (W.D. Wash. Oct. 9, 2025). In *Bright Solar Marketing*, Chief Judge Estudillo found *Newell's* reasoning more persuasive and concluded that 47 C.F.R. § 64.1601(e) has a private right of action. In the absence of controlling authority, this Court agrees with *Bright Solar Marketing*, adopts the reasoning of *Newell* and *Dobronski*, and concludes that enforcement of 47 C.F.R. § 64.1601(e) is encompassed by the private right of action in 47 U.S.C. § 227(c).

Mr. Barton has sufficiently alleged that Fast & Easy violated 47 C.F.R. § 64.1601(e). He alleges that "the calls were transmitted with a fake calling number." Dkt. 1-2 ¶ 246. Factors two and three lean in favor of granting default judgment on count seven.

     g)  *Count eight: RCW 80.36.390(2), effective June 9, 2022 to July 23, 2023*

Under the prior RCW 80.36.390(2), effective June 9, 2022 to July 23, 2023, "[a] person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first thirty 30 seconds of the telephone call."

Mr. Barton has not sufficiently alleged that Fast & Easy violated the prior version of RCW 80.36.390(2). Of the phone calls alleged, eight calls by Fast & Easy fit within the statute's effective period: July 12, 2022 (A, WA, DNC); August 2, 2022 (A, WA); October 26, 2022 (Voice, WA); December 6, 2022 (Voice, WA); January 3, 2023 (Voice); January 4, 2023 (Voice, DNC); January 9, 2023 (Voice, DNC); and July 20, 2023 (H). Dkt. 1-2 at 31–34. Mr. Barton also alleges that "many calls . . . failed to identify the company . . . within the first 30 seconds of the phone calls." Dkt. 1-2 ¶ 276. But it is unclear whether the "many calls" includes any of the eight calls within the statute's effective period alleged to be made by Fast & Easy. Accordingly, the

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 11

Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count eight. *Gulliver's Tavern, Inc.*, 2024 WL 3992483, at *3.

       h)  *Count nine: RCW 80.36.390(6)(c), effective June 9, 2022 to July 23, 2023*

Under RCW 80.36.390(6)(c), effective June 9, 2022 to July 23, 2023, if

> the called party states or indicates that he or she does not wish want to be called again by the company or organization telephone solicitor or wants to have his or her name and, individual telephone number, or other contact information removed from the telephone lists used by the company or organization making the telephone solicitation, then telephone solicitor . . . [t]he company or organization telephone solicitor shall not make any additional telephone solicitation of the called party at that telephone number any telephone number associated with that party within a period of at least one year.

Mr. Barton has sufficiently alleged that Fast & Easy violated the prior RCW 80.36.390(6)(c). Of the phone calls alleged, eight calls by Fast & Easy fit within the statute's effective period: July 12, 2022 (A, WA, DNC); August 2, 2022 (A, WA); October 26, 2022 (Voice, WA); December 6, 2022 (Voice, WA); January 3, 2023 (Voice); January 4, 2023 (Voice, DNC); January 9, 2023 (Voice, DNC); and July 20, 2023 (H). Dkt. 1-2 at 31–34. By marking the July 12, 2022 call as "DNC," Mr. Barton alleges that he "told the caller not to call his phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list" and Fast & Easy knew that Mr. Barton did not want to be called. Dkt. 1-2 ¶ 245. Factors two and three lean in favor of granting default judgment on count nine.

       i)  *Count ten: RCW 80.36.390(3)*

Under RCW 80.36.390(3) "[a] person making a telephone solicitation must identify him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call."

Mr. Barton alleges that "many calls . . . failed to identify the company . . .within the first 30 seconds of the phone calls." Dkt. 1-2 ¶ 276. For the same reason as count eight, *see supra*,

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 12

Mr. Barton has not sufficiently alleged that Fast & Easy violated RCW 80.36.390(3) because it is unclear whether the "many calls" includes the eight calls within the statute's effective period attributed to them. Accordingly, the Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count ten. *Gulliver's Tavern, Inc.*, 2024 WL 3992483, at *3.

### j)    Count eleven: RCW 80.36.390(6)

Under RCW 80.36.390(6) "[i]f, at any time during the telephone contact, the called party states or indicates they want to end the call, the telephone solicitor must end the call within 10 seconds."

Mr. Barton has not sufficiently alleged that Fast & Easy violated RCW 80.36.390(6). It is unclear from the complaint on which calls Mr. Barton told the callers he wanted to end the call and whether the caller complied within ten seconds. Accordingly, the Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count eleven. *Gulliver's Tavern, Inc.*, 2024 WL 3992483, at *3.

### k)    Count twelve: RCW 80.36.390(7)

If the called party states that they do not want to be called again or want to have their number removed from the telephone list, RCW 80.36.390(7) requires the telephone solicitor to do the following. First, "inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year." RCW 80.36.390(7)(a). Second, "end the call within 10 seconds." RCW 80.36.390(7)(b). Third, "not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year." RCW 80.36.390(7)(c).

Mr. Barton has sufficiently alleged that Fast & Easy violated RCW 80.36.390(7). By marking the July 12, 2022 as "DNC," Mr. Barton alleges that he "told the caller not to call his

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 13

phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list." Dkt. 1-2 ¶ 245. It is unclear from the complaint if Fast & Easy told Mr. Barton that his number would be removed from their list, as required under RCW 80.36.390(7)(a), or ended the call "within 10 seconds," as required by RCW 80.36.390(7)(b). Mr. Barton does claim, however, that Fast & Easy continued to call him several times within a period of "at least one year" in violation of RCW 80.36.390(7)(c). Dkt. 1-2 at 31–34. Factors two and three lean in favor of granting default judgment on count twelve.

### l)     Count thirteen: RCW 80.36.390(8)

RCW 80.36.390(8) prohibits a "telephone solicitor" from placing "calls to any person which will be received before 8:00 a.m. or after 8:00 p.m. at the call recipient's local time."

Barton has not sufficiently alleged that Fast & Easy violated RCW 80.36.390(8). The table of calls Mr. Barton provides in his complaint contains the dates on which the calls were made, but not the times. Dkt. 1-2 at 31–34. Mr. Barton simply alleges "[t]he telemarketer placed calls to barton before 8am but after 8pm." Dkt. 1-2 ¶ 291. It is unclear whether the "telemarketer" is Fast & Easy given the several defendant telemarketers in the complaint. Even if so, Mr. Barton simply parrots RCW 80.36.390(8)'s language in a confusing manner. Allegations that merely parrot the relevant statutory language are not well-pleaded facts. *DIRECTV, Inc.*, 503 F.3d at 854. Accordingly, the Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count thirteen. *Gulliver's Tavern, Inc.*, 2024 WL 3992483, at *3.

### m)     Count fourteen: RCW 80.36.390(9)

Under RCW 80.36.390(9) "[n]o person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government."

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 14

Mr. Barton sufficiently alleges that Fast & Easy violated RCW 80.36.390(9). He alleges that he received at least twelve unsolicited phone calls from Fast & Easy on a phone number registered on the Do Not Call Registry. Dkt. 1-2 at 31–34. Factors two and three lean in favor of granting default judgment on count fourteen.

                                n)        *Count fifteen: RCW 80.36.390(10)*

Under RCW 80.36.390(10) "[i]t is unlawful for a person to initiate, or cause to be initiated, a telephone solicitation that violates 47 U.S.C. Sec. 227(e)(1)," which prohibits the "knowing[] transmit[ion of] misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value."

Mr. Barton has not sufficiently alleged that Fast & Easy violated RCW 80.36.390(10). It is alleged that "the Defendants" "spoofed calling numbers," Dkt. 1-2 ¶ 307, but other than a simple recitation of the statutory language, Mr. Barton does not plead facts establishing the required intent "to defraud, cause harm, or wrongfully obtain anything of value." Dkt. 1-2 ¶ 298. Again, allegations that merely parrot the relevant statutory language are not well-pleaded facts. *DIRECTV, Inc.*, 503 F.3d at 854. The Court denies Mr. Barton's motion for default judgment against Fast & Easy as to count fifteen. *Gulliver's Tavern, Inc.*, 2024 WL 3992483, at *3.

                                o)        *Count sixteen: RCW 80.36.400(2)*

Under RCW 80.36.400(2), "[n]o person may use an automatic dialing and announcing device for purposes of commercial solicitation." The phrase "automatic dialing and announcing device" is defined as "a system which automatically dials telephone numbers and transmits a recorded or artificial voice message once a connection is made."

Mr. Barton sufficiently alleges that Fast & Easy violated RCW 80.36.400(2). He alleges that "the Defendants used an automatic dialing device to initiate all the robocalls." Dkt 1-2 ¶ 301. Factors two and three lean in favor of granting default judgment on count sixteen.

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 15

After reviewing each count, the following survive and will be considered under the remaining *Eitel* factors: one, two, five, six, seven, nine, twelve, fourteen, and sixteen. Counts three, eight, ten, eleven, thirteen, and fifteen do not survive and are dismissed without prejudice as they relate to Fast & Easy for failure to state a claim.

### 3.   Factor four: "the sum of money at stake in the action"

The Court must consider "whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Est. of Wheeler*, Case No. C19-0364-JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). "In weighing this factor, courts take into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Curtis*, 33 F. Supp. 3d at 1212 (quoting *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D.Cal.2010)). "If the amount of money is large or disproportionate, this factor weighs against default judgment." *Id.*

The sum of money at stake is reasonable because Mr. Barton seeks only the statutory damages prescribed by Congress and the Washington state legislature. *Barton v. George*, No. C25-5110-KKE, 2025 WL 3078287, at *7 (W.D. Wash. Nov. 4, 2025); *Real Innovation Inc.*, 2025 WL 1993193, at *6. This factor leans in favor of granting default judgment.

### 4.   Factor five: "the possibility of a dispute concerning material facts"

"Where a plaintiff 'has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment.'" *Curtis*, 33 F. Supp. 3d at 1212 (quoting *Landstar*, 725 F. Supp. 2d at 922). For those counts supported by well-pleaded factual allegations, this factor leans in favor of granting default judgment, as Fast & Easy has failed to respond to the complaint or challenge its allegations. *Id.* ("When default has been entered, courts

ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST FAST & EASY MARKETING LLC - 16

<4> <4> <4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

<4>

find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true.").

5. *Factor six: "whether the default was due to excusable neglect"*

Fast & Easy was properly served with the complaint. Dkt. 27. There is no evidence that the failure to respond is because of excusable neglect. *See George*, 2025 WL 3078287, at *8. This factor leans in favor of granting default judgment.

6. *Factor seven: "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"*

The final factor requires a court to "weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits." *Curtis*, 33 F. Supp. 3d at 1213. This factor generally disfavors the entry of default judgment, as cases should be decided on their merits when reasonably possible. *Id.* However, it is not dispositive. *Id.* Fast & Easy's continued failure to appear and respond to Mr. Barton's complaint makes a decision on the merits nearly impossible. This factor leans in favor of granting default judgment.

## V.     CONCLUSION

Because the *Eitel* factors support granting default judgment on Mr. Barton's surviving claims, the Court GRANTS IN PART Mr. Barton's motion for default judgment (Dkt. 37) against Fast & Easy Marketing LLC as to liability on counts one, two, five, six, seven, nine, twelve, fourteen, and sixteen.

The Court DENIES IN PART Mr. Barton's motion for default judgment and dismisses counts three, eight, ten, eleven, thirteen, and fifteen against Fast & Easy Marketing LLC without prejudice for failure to state a claim. If Mr. Barton wishes to continue pursuing these claims against Fast & Easy, he may amend his complaint. *See Bacon v. Woodward*, 104 F.4th 744, 754 (9th Cir. 2024) ("[A] district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.") (citation modified). The Court will set a deadline for that amendment following its ruling on Defendant AFLAC's pending motion to dismiss (Dkt. 26).

At Mr. Barton's request, the Court will schedule a hearing to determine damages upon the completion of discovery. *See* Dkt. 37 at 2; Fed. R. Civ. P. 55(b)(2).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of January, 2026.

Tiffany M. Cartwright
United States District Judge