UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, | Case No. 3:25-cv-05671-TMC |
| Plaintiff, | ORDER DENYING MOTIONS TO STRIKE |
| v. | |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS; AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS; FAST & EASY MARKETING LLC; HEGEMON GROUP INTERNATIONAL LLC; SILVER SHIELD LIFE LLC; SHAWN AKERS; AND JOHN DOES 1-10, | |
| Defendants. | |

## I.   ORDER

Before the Court are self-represented Plaintiff Nathen Barton's motions to strike certain affirmative defenses from the answers of Defendants American Amicable Life Insurance Company of Texas (Dkt. 43) and Hegemon Group International LLC (Dkt. 44). Because Barton has now amended his complaint and the Defendants must file new answers (*see* Dkt. 61, 62), the Court DENIES both motions as moot.

When answering the amended complaint, however, Defendants should note that many of Mr. Barton's arguments are well taken. "A defense which demonstrates that plaintiff has not met

ORDER DENYING MOTIONS TO STRIKE - 1

its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) ("[S]imply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense."). And for actual affirmative defenses, the pleading must give the defendant "fair notice." *Garcia*, 918 F.3d at 1008. Although this "only requires describing the defense in 'general terms,'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), and a defendant "need not include facts sufficient to demonstrate plausible entitlement to relief," there should be "enough factual content to identify the factual grounds on which an affirmative defense rests," *Rosen v. Masterpiece Marketing Group, LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016). In other words, "affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based." *Id.*

Cluttering an answer with boilerplate affirmative defenses that either aren't affirmative defenses at all or lack fair notice of their factual basis wastes time for the parties and the Court. In drafting their answers to the amended complaint, the Defendants should keep these authorities in mind and avoid needless motions practice.

Dated this 9th day of February, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTIONS TO STRIKE - 2