The Honorable Tiffany M. Cartwright
Trial Date: January 19, 2027

Attorney for Defendant
AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, FAST & EASY MARKETING LLC, HEGEMON GROUP INTERNATIONAL LLC, SILVER SHIELD LIFE LLC, SHAWN AKERS, AND JOHN DOE 1-10,<br><br>Defendants. | Case No. 3:25-cv-05671-TMC<br><br>AMERICAN-AMICABLE'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN AMERICAN-AMICABLE'S ANSWER TO SECOND AMENDED COMPLAINT<br><br>(Jury Trial Demanded) |

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), by and through its undersigned counsel, hereby submits this Opposition to Plaintiff's Motion to Strike Certain Affirmative Defenses in American-Amicable's Answer to the Second Amended Complaint ("Opposition").

## <u>INTRODUCTION</u>

This is an action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* ("TCPA") and the Wash. Rev. Code concerning telephone calls allegedly made to the residential telephone number for Nathen Barton ("Plaintiff"). On March 2, 2026, Plaintiff filed a Second



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

Amended Complaint ("2nd Am. Complaint" or "Second Amended Complaint"). *See* 2nd Am. Complaint, Dkt. No. 65. American-Amicable filed an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint ("Answer"). *See* Answer, Dkt. No. 66. As is now routine for Plaintiff in his various TCPA-related actions,[1] he has filed a motion to strike certain affirmative defenses submitted by American-Amicable in its Answer. Contrary to Plaintiff's assertions, the affirmative defenses submitted by American-Amicable are legally sufficient and are sufficiently pled such that they comply with the applicable rules and provide fair notice of each asserted defense. Plaintiff offers no showing of prejudice by allowing these defenses to remain in American-Amicable's Answer. Accordingly, the Court should deny Plaintiff's motion.

## **FACTUAL BACKGROUND**

On July 7, 2025, Plaintiff served on American-Amicable a Summons and Complaint, captioned *Nathen Barton v. American Family Life Assurance Company of Columbus, American-Amicable Life Insurance Company of Texas, Fast & Easy Marketing LLC, Hegemon Group International LLC, Silver Shield Life LLC, Shawn Akers, and John Doe 1-10*, styled for the Superior

[1] In addition to the motion to strike defenses submitted by Plaintiff in this action prior to the submission of the Second Amended Complaint, the Plaintiff has filed motions to strike affirmative defenses in five of the at least twenty TCPA actions he has commenced in this Court during the past four years. The PACER system reflects the following cases commenced by Plaintiff (not including cases pending only in state court). *Barton v. Alleviate Tax LLC, et al.*, 3:23-cv-6071 (W. D. Wash. Nov. 22, 2023); *Barton v. Allstate Ins. Co., et al.*, 3:22-cv-05260 (W.D. Wash. Apr. 18, 2022); *Barton v. SelectQuote Ins. Services*, 3:21-cv-05817 (W.D. Wash. Nov. 5, 2021); *Barton v. Delfgauw, et al.*, 3:21-cv-05610 (W.D. Wash. Aug. 23, 2021); *Barton v. LeadPoint, Inc., et al.*, 3:21-cv-05372 (W.D. Wash. May 19, 2021); *Barton v. Serve All Help All Inc.*, et al., 3:21-cv-05338 (W.D. Wash. May 7, 2021); *Barton v. Walmart, Inc., et al.*, 3:23-cv-05063 (W.D. Wash. Jan. 24, 2023); *Barton v. Pinnacle Home Improvements, LLC, et al.*, 3:24-cv-05142 (W.D. Wash. Feb. 20, 2024); *Barton v. Real Innovation, Inc., et al.*, 3:24-cv-05194 (W.D. Wash. Mar. 8, 2024); *Barton v. America's Lift Chairs, LLC, et al.*, 3:21-cv-05850 (W.D. Wash. Nov. 19, 2021); *Barton v. JMS Associate Marketing, LLC, et al.*, 3:21-cv-05509 (W.D. Wash. July 15, 2021); *Barton v. The Rian Group, Inc., et al.*, 3:23-cv-05452 (W.D. Wash. May 18, 2023); *Barton v. Digital Thrive, LLC, et al.*, 3:23-cv-05005 (W.D. Wash. Jan 3, 2023); *Barton v. Bright Solar Marketing, LLC*, 3:25-cv-05310 (W.D. Wash. Apr. 11, 2025); *Barton v. DirecTV, LLC*, 3:21-cv-05423 (W.D. Wash. June 4, 2021); *Barton v. LendingPoint, LLC, et al.*, 3:21-cv-05635 (W.D. Wash. Aug. 31, 2021); *Barton v. Litigation Practice Group PC, et al.*, 3:22-cv-05483 (W.D. Wash. July 1, 2022); *Barton v. Sopi Financial LLC, et al.*, 3:21-cv-05934 (W.D. Wash. Dec. 29, 2021); *Barton v. American Protection Plans, LLC*, 3:21-cv-05669 (W.D. Wash. Sept. 13, 2021); *Barton v. Rian Group Inc., et al.*, 3:21-cv-05485 (W.D. Wash. July 6, 2021); *Barton v. George et al.*, 3:25-cv-05110 (W.D. Wash. Feb. 7, 2025).



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

Court of the State of Washington for the County of Clark. *See* Notice of Removal, Exhibit 1 (Summons and Complaint), Dkt. No. 1-2. Because under Washington law state courts have jurisdiction over cases from the time of service, on July 31, 2025, American-Amicable removed the proposed state court action to this Court. *See* Notice of Removal, Dkt. No. 1.

As it relates to American-Amicable, Plaintiff alleges that American-Amicable, or a third-party on its behalf, violated the TCPA and the Wash. Rev. Code by making unsolicited telephone calls using an artificial or prerecorded voice to Plaintiff's residential telephone number that was listed on the Federal Trade Commission's Do-Not-Call List. *See* 2nd Am. Complaint, Dkt. No. 65.

On August 28, 2025, American-Amicable filed its Answer and Affirmative Defenses to Plaintiff's original Complaint, Dkt. No. 24. On September 12, 2025, Plaintiff submitted his Motion to Strike Certain Affirmative Defenses in American-Amicable's Answer. Dkt. No. 43. Citing to only four cases and providing virtually no argument, Plaintiff requested that the Court strike twelve of the twenty-six affirmative defenses asserted in the Answer. American-Amicable submitted its Opposition on October 3, 2025. Dkt. No. 52. Thereafter, the Court granted in part AFLAC's motion to dismiss and allowed the Plaintiff leave of court to amend the Complaint. Dkt. No. 60. Plaintiff submitted his First Amended Complaint on February 5, 2026. Dkt. No. 61. Because it would be necessary for American-Amicable to file another Answer, the Court ruled that Plaintiff's motion to strike was moot. Dkt. No. 63. Plaintiff filed a Second Amended Complaint on March 2, 2026. Dkt. No. 65.

In its Answer to the Second Amended Complaint, American-Amicable denied the material allegations and asserted twenty-five affirmative defenses. *See* Answer, Dkt. No. 66. On March 16, 2026, the Plaintiff submitted his Motion to Strike American Amicable Life Insurance Company of Texas' Affirmative Defenses to Plaintiff's Second Amended Complaint ("Motion to Strike"). *See* Motion to Strike. Dkt. No. 67. In his Motion, Plaintiff challenges the following affirmative defenses: Failure to State a Claim; Consent; Equitable Defenses (estoppel, waiver, and unclean hands); Not a Residential Line; Applicable Statutes and Regulations; Applicable Federal Exemptions and



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

Exceptions; Applicable State Exemptions and Exceptions; Do-Not-Call-Registry Liability; McCarran Ferguson Act; Hobbs Act; Failure to Mitgate Damages; Calls Do Not Qualify; Third Party Responsible; Lack of Vicarious Liability; Due Process; FCC Exceeding Authority; No Willful Violation; Equitable Allocation and Set Off; No Future Harm; First Amendment; Lack of Standing.[2] *See id.; see also* Answer, Dkt. No. 66, at Affirmative Defense Nos 1, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 16, 17, 19, 20, 21, 22, 23, 24. The Plaintiff likewise challenges American-Amicable's Reservation of Rights. *See id; see also* Answer, Dkt. No. 66, at 37. American-Amicable now submits this Opposition.

**STANDARD**

A defendant must "state any avoidance or affirmative defense" in answering a complaint. Fed. R. Civ. P. 8(c). Thereafter, "[a] court may, on its own or on a motion, strike an affirmative defense under Federal Rule of Civil Procedure 12(f) if it is 'insufficient' or presents 'any redundant, immaterial, impertinent, or scandalous matter.'" *Seattlehaunts, LLC v. Thomas Family Farm, LLC*, No. C19-1937JLR, 2020 U.S. Dist. LEXIS 166730 at *8 (W.D. Wash. Sept. 11, 2020) (quoting Fed. R. Civ. P. 12(f)). A defendant's pleading need only give "fair notice" of an affirmative defense. *Simmons v. Navajo Cnty., Ariz*, 609 F.3d 1011, 1023 (9th Cir. 2010).

Ultimately, "[w]hether to grant a motion to strike lies within the discretion of the district court." *Seattlehaunts*, 2020 U.S. Dist. LEXIS 166730, at *8 (citing *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). In ruling upon a motion to strike, "the [C]ourt must view the pleadings in the light most favorable to the pleading party." *Id.* (citing *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). Additionally, the Court should consider that "[m]otions to strike are disfavored . . . because they 'may be used as delaying tactics and because of the strong policy favoring resolution on the merits.'" *Chen v. Geo*

[2] Plaintiff also requests that the Court dismiss Affirmative Defense No. 25 (Lack of Personal Jurisdiction). *See* Motion to Strike, at 14. However, Plaintiff offers absolutely no argument in support of his request. Therefore, American-Amicable does not address Affirmative Defense No. 25.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

*Group, Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. Feb. 28, 2018) (quoting *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010)). "A motion to strike should not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation." *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1113 (E.D. Cal. 2009). Additionally, "[t]o strike an affirmative defense, 'the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no circumstances could the defense succeed.'" *Preservation Tech. LLC v. Mindgeek USA Inc., 2019 WL 8137707, *2* (C.D. Cal. 2019).

An important consideration is whether the plaintiff would suffer prejudice if the defense remains in the answer. *See Arias v. Columbia Debt Recovery LLC*, 2021 WL 952559, *5 (W.D. Wash. Feb. 10, 2021) ("Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion."). Courts routinely require a showing of prejudice before they will strike a defense under Rule 12(f). *See, e.g., Pharmaceutical Research and Manufacturers of America v. Williams*, 715 F. Supp. 3d 1175, 1186 (D. Minn. 2024) ("A court ordinarily will not strike a defense unless it lacks a logical connection to the subject matter of the litigation and may cause significant prejudice to the objecting party."); *Gaskins v. Swope Ventures, Inc.*, 645 F. Supp. 3d 682, 685 (W.D. Ky. 2022) ("'A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the matter to stand would prejudice the party.'"); *Badar v. Swissport USA, Inc.*, 492 F. Supp. 3d 54, 59 (E.D.N.Y. 2020) (holding that prerequisite before granting motion to strike defenses is that "'the plaintiff must be prejudiced by the inclusion of the defense'") (citations omitted).

## <u>ARGUMENT</u>

### I. American-Amicable's Affirmative Defenses Are Legally Sufficient.

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 1 (Failure to State a Claim); No. 4 (Equitable Defenses (estoppel, waiver, and unclean hands)); No. 7 (Applicable Statutes and Regulations); No. 8 (Applicable Federal Exemptions and Exceptions); No. 9 (Applicable State



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

Exemptions and Exceptions); No. 10 (Do-Not-Call Registry Liability); No. 11 (McCarran Ferguson Act); No. 13 (Failure to Mitigate Damages); No. 14 (Calls Do Not Qualify); No. 15 (Third Party Responsible); No. 16 (Lack of Vicarious Liability); No. 20 (No Willful Violation); No. 21 (Equitable Allocation and Set Off); No. 22 (No Future Harm); and No. 24 (Lack of Standing).[3] *See* Motion to Strike, Dkt. No. 67.

"Legal sufficiency of an affirmative defense is determined in light of related claims." *Winburn v. Hartford Life & Accident Ins. Co.*, No. 1:19-cv-01397-NONE-SKO, 2020 U.S. Dist. LEXIS 118161, at *3 (E.D. Cal. July 2, 2020) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010)). "An affirmative defense is insufficient if as a matter of law, it cannot succeed under any circumstances." *Federal Deposit Ins. Corp. v. Crosby*, 774 F. Supp. 584, 586 (W.D. Wash. 1991) (citations omitted). As explained below, that is not the case here, and accordingly, Plaintiff's request to strike American-Amicable's affirmative defenses based on legal insufficiency should be denied.

**A. Rule 12(h)(2) Expressly Allows Failure to State a Claim to Be Asserted in an Answer.**

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 1 (Failure to State a Claim) and No. 14 (Calls Do Not Qualify).[4] *See* Motion to Strike, Dkt. No. 67. To be clear, Plaintiff does not challenge American-Amicable's ability to show that Plaintiff failed to state a claim for relief. Rather, Plaintiff challenges American-Amicable's ability to assert the same as an affirmative defense in its pleading.

///

[3]Plaintiff additionally challenges the legal sufficiency of American-Amicable's Reservation of Rights, which, despite Plaintiff's characterization, is not submitted as an affirmative defense in the Answer. *See* Answer, Dkt. No. 66, at 37.

[4] Though Affirmative Defense No. 14 (Calls Do Not Qualify) is its own affirmative defense, the Plaintiff appears to treat this defense as synonymous with Affirmative Defense No. 1 (Failure to State a Claim). *See* Motion to Strike, Dkt. No. 67, at 7. Therefore, American-Amicable addresses these affirmative defenses together. Plaintiff offers no specific argument directed to Affirmative Defense No. 14. *See* Motion to Strike at 7, Dkt No. 67.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

District Courts are divided on this issue. The better approach is to allow this defense to be asserted in the Answer, as expressly permitted by Rule 12(h)(2), which states that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading[.]" Fed. R. Civ. P. 12(h)(2). As explained by the U.S. District Court for the District of Arizona,

> [C]ourts have refused to strike the failure to state a claim defense, noting that although it is not technically an "affirmative" defense, the inclusion of such a defense in the pleadings does not prejudice the plaintiff. *See, e.g.*, *Collura v. Ford*, --- F. Supp. 2d ---, 303 F.R.D. 57, 2014 WL 3437733, at *28 (E.D. Pa. 2014); *Miller v. S&S Hay Co.*, 2013 U.S. Dist. LEXIS 124790, 2013 WL 4679647 (E.D. Cal. 2013); *Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 51629, 2011 WL 1833116 (N.D. Cal. 2011). Further, as the *Collura* and *Valley Community Bank* courts pointed out, allowing a defendant to include the failure to state a claim as a defense is consistent with the Federal Rules of Civil Procedure. *See Collura*, 303 F.R.D. 57, 2014 WL 3437733, at *28; *Valley Cmty. Bank*, 2011 U.S. Dist. LEXIS 51629, 2011 WL 1833116, at *3. Specifically, Rule 12(h)(2) of the Federal Rules of Civil Procedure allows the defense of failure to state a claim to be raised "(A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is a "pleading," Fed. R. Civ. P. 7(a), and thus a defense of failure to state a claim can be raised in an answer.

*Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-PGR, 2014 U.S. Dist. LEXIS 207688 at *35–36 (D. Ariz. Sept. 9, 2014).

Plaintiff, citing *Silver v. Capital One, N.A.*, No. 3:25-cv-05175-DGE, 2025 U.S. Dist. LEXIS 197614 at *7-8 (W.D. Wash. Oct. 6, 2025), argues that "[t]he Ninth Circuit is clear that failure to state a claim is not a proper affirmative defense." Motion to Strike, Dkt. No. 67, at 7. However, a review of the *Silver* case demonstrates that it relies solely on *Zivkorvic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002). The Ninth Circuit in *Zivkorvic* did not address the defense of failure to state a claim. Instead, it addressed whether an employer's offering of reasonable accommodations in an Americans with Disability Act case was a defense that had to be asserted in the answer or be deemed waived.[5] There was no discussion of the provision in Rule 12(h)(2) specifically permitting failure to state a claim to be included in a pleading.

---

[5] Before the court in *Zivkovic* was a request by the plaintiff for a finding that the defense was waived because it was not asserted by the defendant. The court was not addressing a motion to strike affirmative defenses.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

Here, the Court should apply the plain language of Rule 12(h)(2) and allow American-Amicable to assert in its pleading the defense of failure to state a claim upon which relief can be granted. Plaintiff certainly cannot point to any prejudice as a result of allowing this defense to remain in the Answer, nor does she attempt to do so. *See New York Employees' Retirement Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'") (citations omitted).

**B. The Equitable Defenses of Estoppel, Waiver, and Unclean Hands are Valid Affirmative Defenses.**

Plaintiff appears to challenge the legal sufficiency of Affirmative Defense No. 4 (Equitable Defenses (estoppel, waiver, and unclean hands)). *See* Motion to Strike, Dkt. No. 67, at 9. ("American Amicable's Affirmative Defense 4 is *not* an Affirmative Defense."). However, Plaintiff's actual challenge to the defense reads as a challenge to the pleading sufficiency of the same. *See id.* ("American Amicable has failed to allege any facts that would support an argument of waiver, estoppel, or unclean hands."). In an abundance of caution, American-Amicable addresses the legal sufficiency of this affirmative defense here and addresses the pleading sufficiency of the same in Argument Section II(A) below.

Plaintiff puts forth no argument and cites no Ninth Circuit or other authority to support his assertion that Affirmative Defense No. 4 is not an Affirmative Defense. The only case cited by Plaintiff is *Silver*, 2025 U.S. Dist. LEXIS 197614 at *10, 12. *See* Motion to Strike, Dkt. No. 67, at 9. However, the court in *Silver* allowed for the affirmative defense of equitable estoppel—it just merely found that the defense was not sufficiently pleaded. *See Silver*, 2025 U.S. Dist. LEXIS 197614 at *10-12. Moreover, the Ninth Circuit and this Court have made it abundantly clear that estoppel, waiver, and unclean hands are affirmative defenses. *See Continental Airlines, Inc. v. Intra Brokers, Inc.*, 24 F.3d 1099, 1103 (9th Cir. 1994) ("Estoppel is an affirmative defense for which the defendant



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

bears the burden of proof."); *Intel Corp. v. Hartford Accident & Indemnity Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991) (explaining that waiver is an affirmative defense); *HP Tuners, LLC v. Sykes-Bonnett*, No. C17-5760-BHS, 2018 U.S. Dist. LEXIS 233821 at *7 (W.D. Wash. Oct. 11, 2018) ("Next, affirmative defense five, the doctrine of unclean hands, is an affirmative defense. This is because the doctrine equitably bars recovery for a plaintiff who, while otherwise meritorious, has engaged in bad faith or other inequitable conduct in relation to the claim."); *see also Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 383 n.4 (C.D. Cal. 2016) (recognizing validity of waiver and estoppel defenses when ruling on motion for class certification of TCPA claims). Therefore, Plaintiff's request to strike Affirmative Defense No. 4 should be denied.

**C. The Defenses Regarding Applicable Exemptions and Exceptions are Valid Affirmative Defenses.**

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 8 (Applicable Federal Exemptions and Exceptions); No. 9 (Applicable State Exemptions and Exceptions); and No. 10 (Do-Not-Call-Registry Liability). *See* Motion to Strike, Dkt. No. 67, at 10 ("American Amicable's 8th, 9th, and 10th, Affirmative Defense are *not* an Affirmative Defense.").[6] Plaintiff additionally challenges the legal sufficiency of Affirmative Defense No. 7 (Applicable Statutes and Regulations). *See* Motion to Strike, Dkt. No. 67, at 10 ("American Amicable's 7th Affirmative Defense is *not* an Affirmative Defense.").

Plaintiff puts forth no argument and cites no Ninth Circuit or other authority to support his assertion that Affirmative Defense No. 7, No. 8, No. 9, and No. 10 are not proper affirmative defenses. However, in the Ninth Circuit, statutory exemptions and exceptions created by federal and state law are routinely treated as affirmative defenses that a defendant may (and generally should) plead. *See, e.g., United States v. Enriquez*, 131 F.4th 940, 944 (9th Cir. 2025) (recognizing the "bona fide

[6] Plaintiff additionally challenges the pleading sufficiency of these defenses. *See* Motion to Strike, Dkt. No. 67, at 10. American-Amicable addresses Plaintiff's pleading sufficiency arguments in Argument Section II(B) below.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

employee" safe harbor of the Anti-Kickback Statute as an affirmative defense and noting "the 'settled rule' that statutory exceptions are treated as affirmative defenses when they are contained in 'a proviso or other distinct clause, whether in the same section or elsewhere'") (quoting McKelvey v. United States, 260 U.S. 353, 357 (1922)); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 459 (9th Cir. 2020) (confirming that "fair use" under 17 U.S.C. § 107 is an affirmative defense); *see also Schwartz v. King Cnty.*, 14 Wn. App. 2d 915, 927 (Div. II 2020) (confirming that "recreational use" under RCW 4.24.210 is an affirmative defense). Additionally, Plaintiff offers no showing of prejudice if these defenses are allowed to remain in the Answer. *See Berry*, 667 F. Supp. 2d at 1128. Therefore, Plaintiff's request to strike Affirmative Defense No. 7, No. 8, No. 9, and No. 10 should be denied.

**D. The Defense that Reverse Preemption of 47 U.S.C. § 227 and Related Regulations Applies Through the Operation of the McCarran Freguson Act is a Valid Affirmative Defense.**

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 11 (McCarran Ferguson Act). *See* Motion to Strike, Dkt. No. 67, at 10. ("American Amicable's 11th Affirmative Defense is *not* an Affirmative Defense."). The McCarran Ferguson Act delegates the power to regulate the business of insurance to the states and provides that state insurance statutes and regulations have supremacy over federal laws, with only limited exceptions. Specifically, Plaintiff asserts, with no citation to authority, that the defense is not applicable in this case because Plaintiff's claims against American-Amicable are not predicated on insurance. *See id.* ("Mr. Barton's claims against the Defendant are not predicated on insurance[.]"). This is incorrect. There is no question that Plaintiff alleges that telephone calls were made to him attempting to sell American-Amicable's final expense insurance. *See* 2nd Am. Complaint, Dkt. No. 65, ¶ 20. Because the allegations involve the sale of insurance, American-Amicable is entitled to conduct discovery regarding the alleged calls to determine whether applicable state insurance statutes or regulations reverse pre-empt the TCPA under the McCarran Ferguson Act. Additionally, Plaintiff offers no showing of prejudice if this defense is



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

allowed to remain in the Answer. *See Berry*, 667 F. Supp. 2d at 1128. For these reasons, Plaintiff's request to strike Affirmative Defense No. 11 should be denied.

**E. Failure to Mitigate Damages Is a Valid Affirmative Defense.**

Plaintiff appears to challenge the legal sufficiency of Affirmative Defense No. 13 (Failure to Mitigate Damages). *See* Motion to Strike, Dkt. No. 67, at 11 ("American Amicable's Affirmative Defense 13 is *not* an Affirmative Defense."). However, Plaintiff's actual challenge reads as a challenge to the pleading sufficiency of the same. *See id.* ("American Amicable has failed to allege just how Mr. Barton failed to mitigate his damages or, in the alternative, why he has no damages."). In an abundance of caution, American-Amicable addresses the legal sufficiency of the defense here and addresses the pleading sufficiency of the same in Argument Section II(C) below.

Several district court cases have held that mitigation of damages is a viable defense in a TCPA case. *See, e.g.*, No. CV-18-04815-PHX-DLR, *Martinez v. Alltran Fin. LP*, 2019 U.S. Dist. LEXIS 68851, at *7 (D. Ariz. April 23, 2019) (finding that the court could not strike Defendant's affirmative defense for failure to mitigate damages in a TCPA case because the defense was not "insufficient, impertinent, immaterial, redundant, or scandalous"); *Carrero v. Citimortgage, Inc.*, 2016 WL 1464108 (M.D. Fla. Apr. 14, 2016); *George v. Leading Edge Recovery Sols., L.L.C.*, 2013 WL 3777034 (M.D. Fla. 2013). But "even if a defense is not a true affirmative defense, a defendant may still assert it to negate an essential element of a plaintiff's claim." *FDIC v. Johnson*, 35 F. Supp. 3d 1286, 1292 (D. Nev. 2014). Moreover, Plaintiff does not explain how he would be prejudiced if the defense were permitted to remain in the Answer. *See Berry*, 667 F. Supp. 2d at 1128. Therefore, Plaintiff's request to strike Affirmative Defense No. 13 should be denied.

**F. The Defenses That a Third Party is Responsible, Lack of Vicarious Liability, and Equitable Allocation and Set Off are Valid Affirmative Defenses.**

Plaintiff appears to challenge the legal sufficiency of Affirmative Defense No. 15 (Third Party Responsible) and No. 21 (Equitable Allocation and Set Off). *See* Motion to Strike, Dkt. No. 67, at 11 ("American Amicable's Affirmative Defenses 15 and 21 are *not* Affirmative Defenses.")



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

However, Plaintiff's actual challenge to these defenses reads as a challenge to the pleading sufficiency of the same. *See id.* ("American Amicable has failed to articulate any facts that identify or place liability on third parties or the Plaintiff."). Plaintiff appears to challenge the pleading sufficiency of Affirmative Defense No. 16 (Lack of Vicarious Liability). *See id.* at 8-9. However, Plaintiff's actual challenge to this defense reads as a challenge to the legal sufficiency of same. *See id.* at 9 ("This is not an affirmative defense."). In an abundance of caution, American-Amicable addresses the legal sufficiency of these defenses here and addresses the pleading sufficiency of the same in Argument Section II(D) below.

Plaintiff puts forth no argument and cites no Ninth Circuit or other authority to support his assertion that Affirmative Defense No. 15, No. 16, and No. 21 are not affirmative defenses. The only case cited by Plaintiff is *Silver*, 2025 U.S. Dist. LEXIS 197614 at *8-9. *See* Motion to Strike, Dkt. No. 67, at 11. However, the court in *Silver* allowed for the affirmative defenses and merely found that the defenses were not sufficiently pleaded. *See Silver*, 2025 U.S. Dist. LEXIS 197614 at *8-9. Moreover, courts within the Ninth Circuit, including this Court, have made it clear that third-party liability defenses are affirmative defenses. *See, e.g.*, *DeLeon v. Elite Self Storage Mgmt., LLC*, No. 2:15-CV-02087-MCE-EFB, 2016 U.S. Dist. LEXIS 29744 at *6 (E.D. Cal. Mar. 7, 2016) ("Third-party liability is an affirmative defense and Defendants' Answer gives plaintiff fair notice of the defense.") (citing *Geurin v. Winston Indus., Inc.*, 316 F.3d 879, 885 (9th Cir. 2002) (suggesting district court erred in dismissing the affirmative defense of third-party liability)); *Barton v. Real Innovation Inc.*, No. 3:24-cv-5194-DGE-RJB, 2024 U.S. Dist. LEXIS 145703, at *3-4 (W.D. Wash. Aug. 12, 2024) (denying Mr. Barton's motion to strike affirmative defense No. 11 (vicarious liability) and noting that [w]hile the Plaintiff offers various theories regarding his interpretation of the TCPA, he has failed to demonstrate that [this] affirmative defense[] should be stricken"). Set-off is also a recognized affirmative defense.[7] *See McGinity v. USAA Fed. Sav. Bank*, No. 5:19-cv-560-BO, 2020

[7] Under the TCPA, claimants are entitled to seek the recovery of "actual monetary loss" if greater than the applicable penalties. 47 U.S.C. § 227(b)(3)(B). The law would not allow the Plaintiff to have a double



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

U.S. Dist. LEXIS 65133 at *3 (E.D.N.C. April 14, 2020) (denying motion to strike set-off defense in TCPA action). Therefore, Plaintiff's request to strike Affirmative Defense No. 15, No. 16, and No. 21 should be denied.

**G. The Defense that American-Amicable has not Willfully Violated Applicable Law is a Valid Affirmative Defense.**

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 20 (No Willful Violation). *See* Motion to Strike, Dkt. No. 67, at 12. ("American-Amicable's Affirmative Defense 20 is *not* an Affirmative Defense."). Plaintiff puts forth no argument and cites no Ninth Circuit or other authority to support his assertion that Affirmative Defense No. 20 is not a valid affirmative defense in a TCPA action. The only case cited by Plaintiff is *Silver*, 2025 U.S. Dist. LEXIS 197614 at *9-10. *See* Motion to Strike, Dkt. No. 67, at 12. But, as Plaintiff acknowledges, "the *Silver* Court dealt with a different area of the law[.]" *Id.* And at least one Ninth Circuit district court has allowed a TCPA defendant to plead no willful or knowing violation of the TCPA, which goes to the availability of treble damages and not liability, as an affirmative defense. *See Abrahamian v. Loandepot.Com LLC*, No. CV-23-00728, 2024 U.S. Dist. LEXIS 212771 at *12 (D. Ariz. Nov. 22, 2024). Therefore, Plaintiff's request to strike Affirmative Defense No. 20 should be denied.

**H. The Defense that Plaintiff Will Suffer No Future Harm is a Valid Affirmative Defense.**

Plaintiff challenges the legal sufficiency of Affirmative Defense No. 22 (No Future Harm). *See* Motion to Strike, Dkt. No. 67, at 13 ("American Amicable's 22nd Affirmative Defense is *not* an Affirmative Defense."). Plaintiff puts forth no argument and cites no Ninth Circuit or other authority to support his assertion that Affirmative Defense No. 22 is not an affirmative defense. Additionally, Plaintiff offers no showing of prejudice if this defense is allowed to remain in the Answer. *See Berry*,

---

recovery of these damages. *See Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016) ("[A] district court must also avoid awarding a litigant double recovery for the same harm.").



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

667 F. Supp. 2d at 1128.

A plaintiff's failure to allege or prove future harm is fatal to a request for injunctive relief under the TCPA. *See, e.g.*, *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270 (S.D.N.Y. 2024 (dismissing request for injunctive relief under TCPA because plaintiff had no standing to obtain injunctive relief without alleging that future harm is likely). It is proper for American-Amicable to assert as a defense the Plaintiff's inability to establish this required element for injunctive relief. *See, e.g.*, *Union Pacific R.R. Co. v. Colony National Ins. Co.*, Case No. 8:13CV84, 2018 WL 11450995, *8 (D. Neb. Feb. 23, 2018) (denying in part plaintiff's motion for summary judgment seeking dismissal of "'failure-of-proof' defenses," stating "The Court is not persuaded by [plaintiff] that federal pleading standards mandate dismissal, nor does the Court see how allowing the defenses to remain through trial could substantively prejudice either party"). Therefore, Plaintiff's request to strike Affirmative Defense No. 22 should be denied.

**I. The Defense that Plaintiff Lacks Standing to Bring his Claims is a Valid Affirmative Defense.**

Plaintiff appears to challenge the legal sufficiency of Affirmative Defense No. 24 (Lack of Standing). *See* Motion to Strike, Dkt. No. 67, at 13 ("American Amicable's 24th Affirmative Defense is *not* an Affirmative Defense."). However, Plaintiff's actual challenge to the defense reads as a challenge to the pleading sufficiency of the same. *See id.* at 14 ("American Amicable has failed to articulate any facts that establish the Plaintiff was not injured and thus lacks standing."). In an abundance of caution, American-Amicable addresses the legal sufficiency of this defense here and addresses the pleading sufficiency of the same in Argument Section II(E) below.

The only case cited by Plaintiff in support of his assertion is *Silver*, 2025 U.S. Dist. LEXIS 197614 at *12. *See* Motion to Strike, Dkt. No. 67, at 13-14. Plaintiff cites to no Ninth Circuit case preventing the assertion of lack of standing as a defense. Several district courts in the Ninth Circuit have allowed a defendant to assert lack of standing as an affirmative defense. *See, e.g.*, *Kohler v. Bed Bath & Beyond of California, LLC*, No. CV 11-4451-RSWL, 2012 U.S. Dist. LEXIS 16048 at *7-8



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

(C.D. Cal. Feb. 8, 2012); *Solis v. Couturier*, No. 08-02732-RRB, 2009 U.S. Dist. LEXIS 92659 at *4-5 (E.D. Cal. Sept. 17, 2009). Additionally, Plaintiff offers no showing of prejudice if this defense is allowed to remain in the Answer. *See Berry*, 667 F. Supp. 2d at 1128. Therefore, Plaintiff's request to strike Affirmative Defense No. 24 should be denied.

**II. American-Amicable's Affirmative Defenses are Sufficiently Pled.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 3 (Consent); No. 4 (Equitable Defenses (estoppel, waiver, and unclean hands)); No. 6 (Not a Residential Line); No. 8 (Applicable Federal Exemptions and Exceptions); No. 9 (Applicable State Exemptions and Exceptions); No. 10 (Do-Not-Call-Registry Liability); No. 13 (Failure to Mitigate Damages); No. 15 (Third Party Responsible); No. 16 (Lack of Vicarious Liability); No. 19 (FCC Exceeding Authority); No. 21 (Equitable Allocation and Set Off); and No. 24 (Lack of Standing). *See* Motion to Strike, Dkt. No. 67.

When the pleading sufficiency of an affirmative defense is challenged, "[t]he key . . . is whether [the pleading] gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *abrogated in part on other grounds by Castro v. Cty. Of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (citing *Conley v. Gibson*, 355 US. 41, 47–48 (1957)). The "fair notice" standard for defenses was reiterated in the seminal Ninth Circuit decision in *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010).[8] This is not a strenuous standard, but rather, only "requires describing the defense in general terms." *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quotations and citations omitted); *see also Chen*, 297 F. Supp. 3d at 1137

---

[8] Notably, the pleading standards for complaints announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should not be applied to affirmative defenses. *See Martinez v. Alltran Fin. LP*, 2019 WL 1777300, *2 (D. Ariz. Apr. 23, 2019) (holding "Defendant need not support its affirmative defenses with factual allegations; Rule 8(c) requires only that the pleading party 'affirmatively state any avoidance or affirmative defenses'"). This Court has noted the absence of Ninth Circuit authority on this issue but has concluded that the pleading standard in *Twombly* and *Iqbal* should not be applied to affirmative defenses because doing so would be inconsistent with Rule 8(c) and other rules. *See White v. Univ. of Washington*, 2023 WL 3582395, *5 (W.D. Wash. May 22, 2023) ("[T]he Court declines to adopt the heightened plausibility pleading standard for asserting an affirmative defense.").



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

("Unlike the complaint, which must contain a short and plain statement of the claims showing that the pleader is entitled to relief . . . an Answer need only give notice of the defense in short and plain terms.") (citations and quotations omitted); *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (holding that affirmative defenses need not be articulated with any rigorous degree of specificity to be valid).

**A. Plaintiff has Adequate Notice of American-Amicable's Equitable Affirmative Defense.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 4 (Equitable Defenses (estoppel, waiver, and unclean hands)). *See* Motion to Strike, Dkt. No. 67, at 10 ("American Amicable has failed to allege any facts that would support an argument of waiver, estoppel, or unclean hands."). American-Amicable named three specific equitable doctrines—estoppel, waiver, and unclean hands—and pled specific facts, stating, "Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation." Answer, Dkt. No. 66, at 33. Therefore, Plaintiff is on fair notice of this defense and his request to strike the defense should be denied. *See Kohler*, 779 F.3d at 1019.

**B. Plaintiff has Adequate Notice of American-Amicable's Exemptions and Exceptions Affirmative Defenses.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 8 (Applicable Federal Exemptions and Exceptions); No. 9 (Applicable State Exemptions and Exceptions); and No. 10 (Do-Not-Call Registry Liability). *See* Motion to Strike, Dkt. No. 67, at 10 ("Claiming that safe harbors and exemptions and exceptions and limitations and conditions or other defenses exist . . . violates fair notice of what safe harbors and exemptions and exceptions and limitations and conditions or other defenses."). These affirmative defenses inform the Plaintiff that American-Amicable asserts applicable exceptions and exemptions to liability provided under the TCPA and Washington law, including the specific exemption set forth in R.C.W. 80.36.390(1)(b)(i) and the specific exceptions set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). Accordingly, the Plaintiff has fair



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

notice of the defenses. *See Kohler*, 779 F.3d at 1019. As a result, Plaintiff's request to strike Affirmative Defense No. 8, No. 9, and No. 10 should be denied.

**C. Plaintiff has Adequate Notice of American-Amicable's Failure to Mitigate Damages Affirmative Defense.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 13 (Failure to Mitigate Damages). *See* Motion to Strike, Dkt. No. 67, at 11 ("American Amicable has failed to allege just how Mr. Barton failed to mitigate his damages or, in the alternative, why he has no damages.").

The Plaintiff attempts to place a strenuous burden on American-Amicable. However, all that was required of American-Amicable in pleading this affirmative defense was that the defense be plead in general terms such that the Plaintiff had notice of the defense. *See Kohler*, 779 F.3d at 1019. Affirmative Defense No. 13 asserts that the Plaintiff's damages may be barred in whole or in part if he failed to mitigate his damages. Accordingly, American-Amicable met its burden and Plaintiff has fair notice of this defense.

Moreover, as Failure to Mitigate Damages is a standard affirmative defense, it should not be stricken before discovery has commenced. *See Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS at *7 (N.D. Cal. Apr. 25, 2011) ("These affirmative defenses, while boilerplate, are standard affirmative defenses, appropriate at the outset of the case before discovery has commenced."); *Alexis v. Rogers*, No. 15-cv-691-CAB-BLM, 2016 U.S. Dist. LEXIS 202610 at *5 (S.D. Cal. Oct. 5, 2016) (denying motion to strike affirmative defenses and finding the motion was "premature before discovery has commenced"). American-Amicable should be allowed the opportunity to conduct discovery to support this defense. Furthermore, allowing this defense is consistent with the fact that both the TCPA and the Wash. Rev. Code both allow for the recovery of compensatory damages lieu of statutory penalties. 47 U.S.C. § 227(c)(5) ("actual monetary loss" or "up to $500 in damages for each such violation"); Wash. Rev. Code § 80.36.390(13) ("damages of at least $1,000 for each individual violation"). For the foregoing reasons, Plaintiff's request to strike Affirmative Defense



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

No. 13 should be denied.

**D. Plaintiff has Adequate Notice of American-Amicable's Third Party Responsible, Lack of Vicarious Liability, and Equitable Allocation and Set Off Affirmative Defenses.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 16 (Lack of Vicarious Liability). *See* Motion to Strike, Dkt. No. 67, at 8-9 ("Defendant simply alleges the Plaintiff won't be able to establish vicarious liability while alleging almost no facts to support its position."). Plaintiff likewise challenges the pleading sufficiency of Affirmative Defense No. 15 (Third Party Responsible) and No. 21 (Equitable Allocation and Set Off). *See id.* at 11. ("American Amicable has failed to articulate any facts that identify or place liability on third parties or the Plaintiff.").

Plaintiff again attempts to place a strenuous burden on American-Amicable. However, all that was required of American-Amicable in pleading this affirmative defense was that the defense be pleaded in general terms such that the Plaintiff had notice of the defense. *See Kohler*, 779 F.3d at 1019. Affirmative Defense No. 15 is an assertion that any damages Plaintiff has sustained were not caused by American-Amicable but by another person or entity for whom American-Amicable is not responsible. Affirmative Defense No. 16 is an assertion that American-Amicable is not vicariously liable for the actions of other entities or persons that cause Plaintiff harm because it did not control the manner or means by which the alleged telephone calls were made and did not accept the benefits of the conduct. Affirmative Defense No. 21 is an assertion that damages sustained by Plaintiff should be reduced in proportion to the wrongful or negligent conduct or persons or entities other than American-Amicable. These defenses put Plaintiff on notice that American-Amicable takes the position that it is not liable for a number of the claims because it was not the person or entity making the calls and the calls were not made on behalf of American-Amicable. Therefore, American-Amicable met its pleading burden.

Because Plaintiff seeks to impose vicarious liability on American-Amicable for telephone calls made by lead generators and not by American-Amicable, American-Amicable intends to



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

develop facts in discovery to support these defenses, including discovery regarding the lack of any knowledge or control by American-Amicable and whether the lead generators complied with all laws governing telemarketing. For example, there would be no liability under Counts 3 and 6 of the Complaint if the lead generator properly identified themselves, provided a correct phone number, and adhered to other requirements in 47 C.F.R.§ 64.1200(d) and (e).[9] For these reasons, striking the affirmative defenses would not further the function of Fed. R. Civ. P. 12(f). *See Foremost Ins. Co. Grand Rapids Michigan v. Guillen*, 641 F. Supp. 3d 980, 985 (W.D. Wash. Nov. 15, 2022) ("The function of Fed. R. Civ. P. 12(f) is to avoid wasting time and money litigating spurious issues—by dismissing those issues prior trial.") (citing *Whittlestone*, 618 F.3d at 973–74). Finally, Plaintiff offers no showing of prejudice if these defenses are allowed to remain in the Answer. *See Berry*, 667 F. Supp. 2d at 1128. Therefore, Plaintiff's request to strike Affirmative Defense No. 15, No. 16, and No. 21 should be denied.

### E. Plaintiff has Adequate Notice of American-Amicable's Consent, Not a Residential Line, and Lack of Standing Affirmative Defenses.

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 3 (Consent), No. 6 (Not a Residential Line), and No. 24 (Lack of Standing). *See* Motion to Strike, Dkt. No. 67, at 7-8, 14. For each defense, Plaintiff makes a bare-bones assertion that American-Amicable did not plead sufficient facts to establish the affirmative defense. *See id.*

All that was required of American-Amicable in pleading these affirmative defenses was that that each defense be pled in general terms such that the Plaintiff had notice of the defense. *See Kohler*, 779 F.3d at 1019. Affirmative Defense No. 3 asserts that Plaintiff engages in actions which demonstrated his consent to be called. Affirmative Defense No. 6 asserts that the calls were not made to a residential line. Affirmative Defense No. 24 asserts that Plaintiff did not sustain the requisite harm to confirm Article III standing. Plaintiff thus has fair notice of the defenses, which should not

---

[9] This is an additional basis for finding no liability against American-Amicable.



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

be stricken before discovery has even begun. *See Alexis*, 2016 U.S. Dist. LEXIS 202610 at *5. Therefore, Plaintiff's request to strike Affirmative Defense No. 3, No. 6, and No. 24 should be denied.

**F. Plaintiff has Adequate Notice of American-Amicable's FCC Exceeding Authority Defense.**

Plaintiff challenges the pleading sufficiency of Affirmative Defense No. 19 (FCC Exceeding Authority). *See* Motion to Strike, Dkt. No. 67, at 15 ("Defendant has not identified which laws this accusation applies to, nor identified the specific counts in the Plaintiff complaint it feels are predicated[.]"). Plaintiff again attempts to place a strenuous burden on American-Amicable. However, all that was required of American-Amicable in pleading this affirmative defense was that the defense be pleaded in general terms such that the Plaintiff had notice of the defense. *See Kohler*, 779 F.3d at 1019. Affirmative Defense No. 19 informs Plaintiff that his claims are barred to the extent they are based on orders or regulations that exceed the FCC's delegated authority. As such, Plaintiff has fair notice of the defense. American-Amicable is entitled to conduct discovery to assess whether Plaintiff is relying on such orders or regulations. Accordingly, Plaintiff's request to strike Affirmative Defense No. 19 should be denied.

**III. American-Amicable's Affirmative Defenses are Procedurally Proper.**

Plaintiff claims that American-Amicable has not followed the proper procedure in raising Affirmative Defense No. 12 (Hobbs Act), No. 17 (Due Process), and No. 23 (First Amendment) in accordance with Fed. R. Civ. P. 5.1. *See* Motion to Strike, Dkt. No. 67, at 12. Plaintiff improperly attempts to bootstrap Rule 5.1 into a Rule 12(f) sanction. However, Rule 5.1 provides procedural safeguards, not a pleadings trap. Rule 5.1 requires a party that "files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute" to promptly (i) file a notice of constitutional question and (ii) serve that notice on the appropriate Attorney General. The Rule also obligates the Court to certify the question under 28 U.S.C. § 2403 and allows the Attorney General 60 days to decide whether to intervene. Crucially, Rule 5.1(d) states that "[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

constitutional claim or defense that is otherwise timely asserted." None of this, however, authorizes striking a defense. Indeed, nothing in the Rule's text provides that consequence of a notice lapse is the striking of an affirmative defense. Therefore, Plaintiff's request to strike Affirmative Defense No. 12, No. 17, and No. 23 should be denied.

**IV. The Court Should Grant American-Amicable Leave to Amend its Answer**.

To the extent the Court is inclined to grant Plaintiff's Motion to Strike, either in whole or in part, the Court should grant American-Amicable leave to amend its Answer to correct any perceived deficiencies in the pleading of its affirmative defenses. *See Bushbeck v. Chi Title Ins. Co.*, No. C08-0755JLR, 2010 U.S. Dist. LEXIS 151472, at *3 (W.D. Wash. Aug. 26, 2010) ("If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party.") (citing *Wyshak*, 607 F.2d at 826).

## CONCLUSION

Based on the foregoing, the Court should deny Plaintiff's Motion to Strike Affirmative Defenses in American-Amicable's Answer.

Dated: March 31, 2026

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*s/ Christopher S. Marks*

Christopher S. Marks, WSBA #28634
Attorney for Defendant
AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

**CERTIFICATION OF WORD COUNT**

I hereby certify that the above Opposition, excluding the case caption and signature block and including footnotes, totals 7831 words.

s/ *Christopher S. Marks*
Christopher S. Marks, WSBA #28634



Nelson Mullins Riley & Scarborough LLP
350 S. Grand Avenue, Suite 2200
Los Angeles, CA 90071
(424) 221-7470

# CERTIFICATE OF SERVICE

I certify that on March 31, 2026, a copy of the foregoing document was served on all parties as stated below. This firm is counsel for Defendant American-Amicable Life Insurance Company of Texas and will have copies of the original of this document as well.

Nathen Barton
4618 NW 11th Cir.
Camas, WA 98607
Email: farmersbranch2014@gmail.com
bluewind33@protonmail.com

*Plaintiff Nathen Barton (pro se)*

Kristin Nealey Meier, WSBA 33562
RYAN, SWANSON & CLEVELAND, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
Telephone: (206) 464-4224
Email: kmeier@ryanlaw.com

*Attorney for Defendant, AFLAC*

Frank X. Nolan, IV (Admitted Pro Hac Vice)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 389.5083
Email franknolan@eversheds-sutherland.com

*Attorney for Defendant, AFLAC*

Dustin Dorsey
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
1001 Galaxy Way, Suite 312
Concord, CA 94520
Telephone: (925) 466-4230
Email: dustin.dorsey@qpwblaw.com

*Attorney for Defendant, Hegemon Group International LLC*

**Via Regular Mail**

Fast & Easy Marketing LLC
ATTN: Muhammad Ali Janjua
6750 North Andrews Ave, Suite 150
Ft. Lauderdale, FL 33309

**Via Regular Mail**

Silver Shield LLC
ATTN: Registered Agents, Inc.
5534 Saint Joe Road
Fort Wayne, IN 46835

**Via Regular Mail**

Shawn Akers
1518 Thistle Lane
Fort Wayne, IN 46825

Signed at Los Angeles, California on March 31, 2026.

s/Lissette M. Fernandez
NELSON MULLINS RILEY & SCARBOROUGH LLP
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071
Telephone: 424.221.7470
Email: lissette.fernandez@nelsonmullins.com