UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN W. BARTON, | Case No. 3:25-cv-05671-TMC |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO STRIKE AMERICAN-AMICABLE'S AFFIRMATIVE DEFENSES |
| v. | |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS; AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS; FAST & EASY MARKETING LLC; HEGEMON GROUP INTERNATIONAL LLC; SILVER SHIELD LIFE LLC; SHAWN AKERS; AND JOHN DOES 1-10, | |
| Defendants. | |

## I.   INTRODUCTION

Before the Court is self-represented plaintiff Nathen Barton's motion to strike the majority of defendant American-Amicable Life Insurance Company of Texas's ("American-Amicable") twenty-five affirmative defenses. Mr. Barton alleges that American Amicable directed telemarketers to sell him insurance policies over the phone, which violated the TCPA and its Washington state counterparts, as his phone number was on the Do-Not-Call registry. Dkt. 65 ¶¶ 52–57. For the following reasons, Mr. Barton's motion is GRANTED in part and DENIED in part.

## II.    BACKGROUND[1]

American Family Life Assurance Company of Columbus' ("AFLAC") moved to dismiss Mr. Barton's complaint on September 4, 2025. Dkt. 26. After reviewing the motion to dismiss, the Court granted it in part and denied it in part. Dkt. 60 at 22. The Court offered Mr. Barton leave to amend his complaint. *Id.*

Mr. Barton filed the operative complaint on February 5, 2026. Dkt. 61. American-Amicable answered the complaint on March 16. Dkt. 66. In it, American-Amicable provided twenty-five affirmative defenses. *Id.* at 33–37. Mr. Barton filed the instant motion three and a half hours later. Dkt. 67. American-Amicable responded on March 31. Dkt. 68. Barton filed his reply on April 3. Dkt. 69.

## III.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "When considering a motion to strike, the court must view the pleadings in the light most favorable to the pleading party." *Lister v. Hyatt Corp.*, No. C18-0961JLR, 2019 WL 5190893, at *3 (W.D. Wash. Oct. 15, 2019).

An affirmative defense is insufficiently pled if it fails to provide the plaintiff "fair notice" of the defense asserted. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), abrogated in part by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Although an affirmative defense is not required to meet the *Iqbal/Twombly* standard, it 'must be supported by at least some facts indicating the grounds on which the defense is based.'" *Washington v. Alderwood Surgical Ctr., LLC*, No. C22-1835RSM, 2023 WL 3687053, at *2 (W.D. Wash. May

---

[1] The Court has provided a full recitation of the facts in prior orders. See Dkts. 59, 60. As a result, the Court recites only what is necessary for the instant motion.

ORDER ON PLAINTIFF'S MOTION TO STRIKE AMERICAN-AMICABLE'S AFFIRMATIVE DEFENSES - 2

26, 2023) (first citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and then *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

An affirmative defense is insufficient as a matter of law if "there are no questions of fact, . . . any questions of law are clear and not in dispute, and . . . under no set of circumstances could the defense succeed." *Fed. Deposit Ins. Corp. v. Hanson*, No. C13-0671-JCC, 2013 WL 12074983, at *1 (W.D. Wash. Dec. 10, 2013) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002)).

A motion under Rule 12(f) must be brought "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). That said, the court may also strike materials that meet the standard on its own at any time. Fed. R. Civ. P. 12(f)(1). Therefore, a court may "consider untimely motions to strike and [ ] grant them if doing so seems proper." *Lister*, 2019 WL 5190893, at *3 (W.D. Wash. Oct. 15, 2019) (quoting Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1380 (3d ed. 1998)).

The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). But given the strong policy preference for resolving issues on the merits, district courts within the Ninth Circuit have generally disfavored motions to strike affirmative defenses. *F.T.C. v. Debt Sols., Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006); *Lister*, 2019 WL 5190893, at *4 (collecting cases).

## IV.   DISCUSSION

The Court GRANTS Mr. Barton's motion to strike the first and fourteenth affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is not an

affirmative defense" and is satisfied by a general denial. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

The Court GRANTS Mr. Barton's motion to strike the thirteenth affirmative defense. Mr. Barton seeks only statutory damages. Dkt. 65 at 40. Plaintiffs seeking only statutory damages do not have a duty to mitigate. *George v. Leading Edge Recovery Sols., L.L.C.*, No. 8:13-CV-484-T-24-TBM, 2013 WL 3777034, at *2 (M.D. Fla. July 18, 2013); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *2 (C.D. Cal. Nov. 6, 2017) (collecting cases).

The Court GRANTS Mr. Barton's motion to strike the twelfth, seventeenth, and twenty-third affirmative defenses because American-Amicable has failed to comply with Federal Rule of Civil Procedure 5.1. *Lily v. Keller*, No. 6:25-CV-00078-MTK, 2025 WL 1367414, at *3 (D. Or. May 12, 2025) (striking an affirmative defense based on the constitutionality of a statute when defendant did not file notice of the constitutional question and serve the notice on the Attorney General); *"Amy" v. Curtis,* No. 19-CV-02184-PJH, 2020 WL 6271046, at *9 (N.D. Cal. Oct. 26, 2020) (same); *Vazquez v. Triad Media Sols., Inc.*, No. 15CV07220WHWCLW, 2016 WL 155044, at *5 (D.N.J. Jan. 13, 2016) (also same).

The Court DENIES Mr. Barton's motion to strike the third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, sixteenth, nineteenth, twentieth, twenty-second, and twenty-fourth affirmative defenses because they are sufficiently pled and provide fair notice to Mr. Barton. *Alderwood Surgical Ctr., LLC*, 2023 WL 3687053, at *2 (Affirmative defenses are not required to meet the *Twombly\Iqbal* standard of pleading.).

## V.    CONCLUSION

Mr. Barton's motion is GRANTED in part. The Court STRIKES American-Amicable's first, twelfth, thirteenth, fourteenth, seventeenth, and twenty-third affirmative defenses. The

ORDER ON PLAINTIFF'S MOTION TO STRIKE AMERICAN-AMICABLE'S AFFIRMATIVE DEFENSES - 4

twelfth, seventeenth, and twenty-third affirmative defenses are stricken without prejudice; the others are stricken with prejudice.

Mr. Barton's motion is DENIED in part as to American-Amicable's third, fourth, sixth, seventh, eighth, ninth, tenth, eleventh, sixteenth, nineteenth, twentieth, twenty-second, and twenty-fourth affirmative defenses.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO STRIKE AMERICAN-AMICABLE'S AFFIRMATIVE DEFENSES - 5