Honorable Tiffany M Cartwright

IN THE SUPERIOR UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHEN BARTON,<br><br>Plaintiff<br>v.<br><br>Fast & Easy Marketing LLC,<br>Hegemon Group International LLC,<br>Silver Shield Life LLC, Shawn Akers,<br>and John Doe 1-10<br>Defendants. | Case No.: 3:25−cv−05671−TMC<br><br>MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS SHAWN AKERS. |

Plaintiff Nathen Barton asks this Court to grant this motion for a default judgment against defendant Shawn Akers ("Mr Akers") of Silver Shield Life LLC ("Silver Shield"). Mr. Barton commenced this action on July 2, 2025, by serving defendant American Family Life Assurance Company of Columbus a summons and complaint from The Superior Court of the State of Washington in and for the County of Clark. The action was removed to federal court before Mr. Akers was served, so Mr. Barton asked this Court to issue a summons for Mr. Akers (Dkt 6) which was issued in Dkt. 12.

Mr. Barton hired a process server to serve the summons and complaint on Mr. Akers, with that proof of service in Dkt. 28. Mr. Barton had not heard from Mr. Akers and he was put in


NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

default in Dkt. 39. An allegation is admitted if a responsive pleading is required and the allegation is not denied. FRCP 8(b)(6).

**Admitted Facts**

1. Plaintiff is the subscriber of the phone number that received the calls.
2. The phone number is registered in Barton's name and Barton pays for the subscription fees from his personal account.
3. Barton uses the telephone number that received the calls as a residential telephone line.
4. Barton answered each telephone call specifically listed in the Complaint.
5. Plaintiff registered the phone number at issue on the FTC national do-not-call registry in 2021.
6. At no time relevant to this lawsuit did Plaintiff consent in writing to any final expense related solicitation calls that contain artificial or pre-recorded speech.
7. Shawn Akers is a telemarketer under 47 CFR § 64.1200(f)(12). ¶17.
8. Defendant Shawn Akers is a governing person of [defendant] Silver Shield, with address 1518 Thistle Lane, Fort Wayne, IN 46825. ¶56.
9. Shawn Akers of Silver Shield Life sold [Mr. Barton] an American Amicable FEI policy. ¶247 line 71.
10. These two defendants [Silver Shield Life LLC and Shawn Akers] hired a Telemarketer to use Script D to call Mr. Barton on their behalf and continue to hire this Telemarketer to call Mr. Barton on their behalf. ¶252.
11. Script D calls were all spoken by an identical sounding artificial or prerecorded voice. ¶¶99-100.
12. The nature of the artificial or prerecorded voice is described in ¶¶81-88.


NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

13. Mr. Barton received 16 Script D calls in ¶247 lines 62 on 5/6/2024, 65 on 8/20/2024, 67 on 9/11/2024, 70 on 11/21/2024, 71 on 1/8/2025, 73 on 1/9/2025, 77 on 2/5/2025, 78 on 2/11/2025, 79 on 2/11/2025, 82 on 3/25/2025, 83 on 4/14/2025, 84 on 4/14/2025, 90 on 5/28/2025, 91 on 6/13/2025, 93 on 6/16/2025, and 94 on 6/16/2025.

14. "DNC" denotes that Mr. Barton told the caller not to call his phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list.

15. On the very first Script D call (¶247 line 62 on 5/6/2024) Mr. Barton told the caller not to call his phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list. The DNC column is checked for this call.

16. Phone number [of the call list in ¶247] denotes the caller id the caller was transmitting, but with the exception of one calling number [not relevant to this motion, the real phone number (209) 431 1181 as described in ¶ 212 was not used in Script D calls], the rest of the calls were transmitted with a fake calling number. ¶246.

17. Silver Shield and Shawn Akers are two of the four entities known as The Telemarketer in the lawsuit. ¶18.

18. The Telemarketers placed or caused to be placed a long series of voice and robocalls to Plaintiff, adding and maintaining his phone number in a pool of phone numbers until such time as they could sell Barton and people like him a FEI policy through American Family Life Assurance Company of Columbus or American-Amicable Life Insurance Company of Texas. ¶22.

19. The Defendants used an automatic dialing and announcing device to initiate all the robocalls described above to Barton's phone numbers and then play artificial or prerecorded voice if and when the call was answered. ¶302.

**The Counts**

**Count 1**: 47 U.S.C. 227(b).

> Under § 227(b)(1)(A), it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice," *Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195 (W.D. Wash. 2025)

Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf. Fact 10. And Mr. Akers personally sold Mr. Barton an insurance policy on a Script D call. Fact 9. [N]umerous district courts have held that individual officers of an entity violating the TCPA can be personally liable if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Barton v. Real Innovation Inc.*, (W.D. Wash. Nov. 24, 2025).

**Count 2**: 47 C.F.R § 64.1200(c)(2).

> 227(c)(5) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" *Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195 (W.D. Wash. 2025)

Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

**Count 3**: Waived.

**Count 4**: Waived.

**Count 5**: Waived

**Count 6**: Waived.

**Count 7**: 47 CFR § 64.1601(e).

> Mr. Barton alleges that calls were made with "spoofed calling numbers," and the "callers had the ability to transmit the name of the telemarketer and intentionally chose not to." *Barton v. Am. Family Life Assurance Co.*

*of Columbus*, No. 3:25-cv-05671-TMC, 2026 LX 75171 (W.D. Wash. Jan. 22, 2026)

In none of the Script D calls did the callers use a real telephone number (Fact 16) despite having the ability to and intentionally choosing not to. Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

**Count 8**: Waived

**Count 9**: Waived

**Count 10**: Waived

**Count 11**: Waived

**Count 12**: Post July 23, 2023, violations of RCW 80.36.390(7). In Row 62 of ¶247 DNC was checked where in ¶245 "DNC" denotes that Mr. Barton told the caller not to call his phone number again, or the caller told Mr. Barton that his number was already on the callers do-not-call list. All of the subsequent Script D calls are violations of RCW 80.36.390(7)(c). Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

**Count 13**: Waived

**Count 14**: Post July 23, 2023, violations of RCW 80.36.390(9). Each Script D call was made to Mr. Barton's telephone number while it was placed on the do not call registry maintained by the federal government pursuant to the telephone consumer protection act. Fact 5. Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

**Count 15**: Post July 23, 2023, violations of RCW 80.36.390(10). Mr. Akers hired a telemarketer to use Script D while transmitting false caller identification numbers to wrongfully obtain something of value from Mr. Barton – telephone soliciting him while invading his privacy


NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

and trespassing into Mr. Barton's seclusion. ¶256. Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

**Count 16**: RCW 80.36.400. The Defendants used an automatic dialing and announcing device to place the Script D calls to Mr. Barton. Fact 19. Like Count 1, Mr. Akers is personally liable because he hired the telemarketer to use Script D to call Mr. Barton on his behalf.

## Damages

There are 16 Script D calls. Only the damages of Count 2 are discretionary, up to $500. The Court has the discretion to treble the damages of Counts 1, 2, & 7.

| | # of Calls | $ Damages | Total | Treble able? | Trebled |
|---|---|---|---|---|---|
| Count 1 | 16 | $500 | $8,000 | ✓ | $24,000 |
| Count 2 | 16 | $500 | $8,000 | ✓ | $24,000 |
| Count 7 | 16 | $500 | $8,000 | ✓ | $24,000 |
| Count 12 | 15 | $1,000 | $15,000 | | $15,000 |
| Count 14 | 16 | $1,000 | $16,000 | | $16,000 |
| Count 15 | 16 | $1,000 | $16,000 | | $16,000 |
| Count 16 | 16 | $1,000 | $16,000 | | $16,000 |
| Sum | | | $87,000 | | $135,000 |

## Treble Damages

The telemarketers knew Mr. Barton did not want the calls and broke nearly every telemarketing law there is. ¶¶307-310. Counts 1, 2, & 7 damages should be tripled to encourage Mr. Akers to stop making these illegal calls.

## Conclusion

Mr. Akers hired the telemarketer to make the Script D calls on his behalf, personally sold Mr. Barton a policy during an illegal call (Fact 9), and is personally responsible for the illegal Script D calls.



NATHEN BARTON
4618 NW 11TH CIR
CAMAS WA 98607

July 22, 2026

Nathen Barton

Nathen Barton
(360) 241 7255
4618 NW 11th Cir
Camas WA 98607

**Certificate of Service**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF System, which will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF System, which includes the Defendant. The said Notice of Electronic Filing specifically identifies recipients of electronic notice.

Executed on July 22, 2026.

/s/ Nathen Barton

Nathen Barton